ALICE R. MAYFIELD AND DAVID A. MAYFIELD, HER HUS-
BAND, *Appellants,* v. THE WERNICKE CHEMICAL COM-
PANY, A CORPORATION, AND THE WERNICKE MARINER
COMPANY, A CORPORATION, *Appellees.*

Opinion Filed Feb. 4, 1913.

1.  No abuse of judicial discretion is shown by a Circuit Judge in
    refusing to enlarge the time for taking testimony in a chan-
    cery case, when the application to enlarge was made six
    weeks after the cause had been properly set down for hear-
    ing on bill, answer and replication, and no sufficient explana-
    tion is made of the delay in making the application.

2.  The rule with reference to allowing the dismissal of an
    equity cause by complainant without prejudice, enouced in
    Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53
    South. Rep. 939, reaffirmed and applied.

3.  Where in a bill to remove a cloud upon the title to land, there
    is no allegation that the complainants were in the possession
    of the land when the bill was filed, and when the allegations
    that the lands "have been for several years and are now un-
    cultivated and unimproved" is denied by the answer, and the
    case is finally heard on bill, answer and replication, there
    i s no error committed in dismissing the bill.

Appealed from the Circuit Court for Duval County.

Decree affirmed.

*M. M. Scarborough,* for Appellants;

*Fleming* & *Fleming,* for Appellees.

HOCKER, J.—On September 11th, 1911, the appellants
filed their bill in the Circuit Court of Duval County

against the appellees, alleging, among other things, ownership in certain lands by reason of certain conveyances which are described, and alleging that certain deeds of appellees constituted clouds on the title of said lands, which it is alleged have been for several years, and are now, uncultivated and unimproved, and that oratrix ancestor was in actual possession of and cultivated same for many years; but it is not alleged that appellants or either of them were in possession of the land when the bill was filed. The answer after setting up the various sources by which the appellees claim title, denies that the lands have been for several years and are now uncultivated and unimproved, and alleges occupation, enclosure, cultivation and improvement of portions of it by a party through whom they claim title and the continuation of these acts of possession and ownership by the grantor of appellees and themselves down to the present time. The answer contains a demurrer to the bill on the ground, among others, that said bill fails to allege that the complainants or either of them are the owners and in possession of the lands in controversy, or that the land is not in the possession of any person. The bill was filed September 11th, 1911. The answer was filed November 16th, 1911. The replication was filed January 1st, 1912. On the 1st of April, 1912, on the application of complainants R. C. Dowling was appointed examiner to take and report the evidence, but no extension of time was then asked for or allowed. On the next day, the 2nd of April, 1912, the solicitors for defendants caused an order to be entered setting down the cause for hearing on the bill, answer and replication, and on the 17th day of May, 1912, notice was served on complainant's solicitors that the cause would be presented for final hearing on the 23rd of May, 1912.

On May 15th, 1912, complainants' solicitor notified defendants' solicitors that on that day, or as soon as he could be heard, he would present a motion to the Circuit Judge for an extension of time to take testimony. The motion for an extension of time was supported by the following affidavit of the solicitor for complainants:

"Before me, personally came M. M. Scarborough to me well known and who being by me first duly sworn deposes and says: That he is the solicitor and counsel for complainant in this cause; that the reason no testimony was taken within the time allowed by law is that sickness and providential occurrences of over deponent and his client had no control. Affiant says, that on September 2nd, last, affiant's brother and copartner died; that the long illness and sudden death of affiant's said brother and copartner left affiant in such physical condition that for about sixty days thereafter affiant was able to attend to only such matters as could be attended to without great effort. That after deponent had gotten back into harness and had begun to get the tangled threads of deponent's copartnership business together and had gotten familiar with the matters and things, cases, suits, etc., that were being attended to by deponent's deceased brother and copartner, deponent's sister was taken sick with a severe and dangerous illness, to-wit: an attack of appendicitis and this kept deponent constantly on the go between deponent's home at Lake City and deponent's office here; that for some time deponent was unable to give business matters proper attention for this reason; that again deponent returned to his said office and began to again get the tangled threads of deponent's business together and to start off alone, when deponent's mother was taken ill and he was again called to her

bedside and again unable to take up matters of business. That on the 1st day of April, 1912, the very first moment that deponent was able to give the matter above attention, he had upon agreement, of counsel, Mr. R. C. Dowling, appointed as Examiner in this cause to take the testimony on the pleadings. That about the 1st of March, 1912, deponent's client, Mrs. Alice Mayfield, who was then in a delicate condition, had a miscarriage and is just now only able to get out in public. That the said Examiner has been during the last month almost continuously out on the Circuit with the Judge of this Court reporting the court's proceedings, and deponent has been repeatedly to the office of the said Examiner during the last three weeks and to that of defendant's counsel, endeavoring to get a date set for the taking of testimony in this cause.

That the issues involved contain very deep and serious questions of law and equity; that it is material that the cause be decided upon its merits, as the decision of the court in the case at bar will affect the title to more than one hundred thousand dollars' worth of property in and around this city.

That it has not been the desire of the complainant to retard a hearing of this cause and no testimony has been taken on account of the providential occurrences set up in this affidavit; that the complainant is ready, willing and anxious to speed the final determination and is ready, willing and anxious to take the testimony of comp'ainants and her witnesses at a short day. That the direct interest of complainant in the cause at bar is estimated to be about $5,000.00 or $6,000.00. That unless the court permits testimony to be taken a decision simply on the Bill and Answer will avail neither side

anything and will result in great injustice and injury in the premises.

M. M. Scarborough.

Sworn to and subscribed before me this the 13th day of March, 1912.

(Notarial Seal)        W. Thos. Fowler."

On May 16th, 1912, the court entered an order denying the motion for an extension of time. On the next day the defendants gave notice of final hearing for the 23rd of May, and on May 27th, a final decree was entered dismissing the bill. A motion was made on the 22nd of May, 1912, by complainants for leave to dismiss the bill without prejudice. This motion was denied on May 27th, 1912, the day the final decree was entered. An appeal was taken from the final decree.

There are three assignments of error: First, the court erred in refusing an extension of time to take testimony; second, the court erred in and by the final decree; third, the court erred in refusing to allow and grant the complainants' motion to dismiss the original bill (without prejudice).

It is not clear from the affidavit filed in support of the motion to extend the time to take the testimony why this motion was not made at least the day when application for the appointment of an examiner was made, *viz.*, April 1st, 1912. But none was then made, nor was it made until the 15th of May, about six weeks after the cause was set down for hearing.

The rule allowing three months and no more to take testimony unless the judge for special cause shown shall enlarge the time, was staring complainants in the face. The rule has been discussed in several opinions of this court and its stringency recognized. The affidavit, it seems to us, entirely fails to explain the omission to ask

for an extension of time until six weeks after it had expired under the rule. An abuse of judicial discretion is not plainly made to appear, in refusing the request to extend the time. Lykes v. Beauchamp, 49 Fla. 333, 38 South. Rep. 603; Magbee v. Kennedy, 26 Fla. 158, 7 South. Rep. 529. Reversible error has not been made to appear on this point.

We will next consider the order of the Judge denying the motion to dismiss the bill without prejudice. In Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 South. Rep. 939, the question of dismissing a bill without prejudice is considered. This case reviews former decisions of the court and lays down the law upon the subject as follows: "While the court may upon motion of the complainant dismiss an equity cause without prejudice at any time when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice." This Doctrine seems to agree with that stated in 2 Bates on Federal Equity Procedure, Sec. 659, and also in Chicago & A, R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, text 714, 3 Sup. Ct. Rep. 594, and other Federal cases referred to in Rose's Notes upon this case. When the application to dismiss the bill in the instant case was made

the defendants had set the case down for hearing on the bill, answer and replication six weeks before they were entitled to a decree of dismissal if the facts warranted it. This was a substantial right of which they should not be deprived except upon clear grounds of equity and right. We find no error in this ruling.

The remaining assignment alleges that the court erred in and by the final decree. There is no allegation in the bill that the complainants were in possession of the land involved when the bill was filed. There is an allegation that they "have been for several years and are now uncultivated and unimproved." This last allegation is denied by the answer which sets up occupancy and cultivation by the defendants and those under whom they claim, for several years. There is also a general denial in the answer of all material matters in the bill not specifically denied. As an answer under oath was waived this condition of the pleadings placed the complainants under the necessity of proving the contested allegation of the bill by a preponderance of the evidence. Indian River Mfg. Co. v. Wooten, 55 Fla. 745, 46 South. Rep. 185. Under these circumstances we do not see that the Circuit Judge erred in dismissing the bill.

We find no reversible error in the record, and the decree is therefore affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

WHITFIELD, J., dissents.