GUY B. ZEWADSKI, *Appellant*, v. J. P. DYAL, E. H. WHITTE-
MORE, G. H. WHITTEMORE AND D. W. ROSS, *Appel-
lees.*

Opinion Filed July 11, 1919.

1.  It is not error to refuse to dismiss a bill of complaint without
    prejudice and to dismiss it as a finality, where more than
    three months has passed since the cause was at issue under
    the statute, and no master has been appointed and no testimony
    taken.

2.  Defendants have a right to set cause down for final hearing
    on bill and answer under the statute and court rule, the time
    for taking testimony having expired. The right having ac-
    crued to the defendants and they having acted upon it, it is
    such a substantial right that the judge should not lightly
    deprive them of it in a decree based on bill and answer.

3   Equity will cancel a release or satisfaction of mortgage given
    to become operative and to be recorded upon conditions to be
    fulfilled.

An Appeal from the Circuit Court for Polk County;
John S. Edwards, Judge.

Decree reversed.

*James F. Glen,* for Appellant;

*A. T. Stuart,* for Appellees.

DONNELL, Circuit Judge.—The lower court rendered a
decree dismissing complainant's bill of complaint from
which decree the complainant appeals.

In this suit the complainant filed his bill of complaint
on the 19th day of October, 1915, in which he alleges that

he was on the 14th day of September and prior thereto, the owner of a certain mortgage therein described; that on or about the 14th day of September, 1915, the complainant and the defendants, J. P. Dyal, G. H. Whitemore and D. W. Ross, entered into an agreement under which the defendants were to take up the said mortgage for a consideration of three thousand dollars, and one Regal automobile, and for which the complainant was to give a full satisfaction of the mortgage; and that to facilitate matters a satisfaction was given at once with the understanding and agreement that it should not be recorded until the consideration was paid in full, and that should the consideration not be paid in full by the 30th day of September the satisfaction so given would be null and void. The bill also alleges that the satisfaction was, contrary to the agreement, recorded at once; and it also alleges fraud in obtaining and recording the satisfaction. The complainant prays in his bill of complaint for the cancellation of the satisfaction and that the mortgage be declared a valid lien and mortgage upon the property.

The bill of complaint was demurred to and the demurrer was overruled.

On the 10th day of April, 1916, the defendants filed their joint answer to the bill. The answer denies that the complainant has any bona fide claim in and to the said mortgage. The answer alleges that the automobile was actually delivered to W. K. Zewadski, Jr., brother of the complainant and owner of the mortgage, in consideration of the delivery of the satisfaction to the defendants and that the further sum of three thousand dollars was to be turned over to W. K. Zewadski, Jr., upon certain conditions, which were never fulfilled; and that

all of this was done with the knowledge of the complainant. The answer admits a balance due W. K. Zewadski, Jr., for the satisfaction, and offers to pay the balance due.

The answer sets up a different contract from the one alleged in the bill of complaint. It does not deny that the satisfaction was recorded contrary to agreement, nor does it deny that the satisfaction was to be null and void if the whole consideration were not paid by September 30th. It does not specifically deny the fraud alleged, but attempts to explain away the fraud.

By Chapter 6907, Acts of 1915, all material allegations of the bill not denied are admitted, and all new matters set up by the answer are deemed denied by the complainant and must be proved by the defendant.

Exceptions to the answer were filed and all except one overruled on the 9th day of June, 1916. The one sustained was unimportant and did not affect the status of the suit. Replication was filed on the 5th day of August, 1916. No affirmative relief was sought by the answer, and no set-off nor counterclaim was interposed. The cause was then at issue and ready for the taking of testimony under the statute, certainly on the 9th day of June, 1916. The defendants set the cause down for final hearing on bill and answer the 13th day of September, 1916, which was more than three months after it was at issue; and no master had been appointed and no testimony taken. On the 16th day of October, 1916, a special master was appointed upon motion of the complainant. Argument was heard and the bill was dismissed by a decree rendered on the 12th day of October, 1917.

The record does not show that any motion for further time to take testimony was ever filed. The final decree dismissing the bill recites that a request was made by the complainant to dismiss the bill without prejudice. This request was made after the cause was set down on bill and answer. No grounds appear for such request.

There are three assignments of error argued by counsel for appellant, complainant below, but they are really treated under two heads:

1. The lower court erred in dismissing the bill of complaint and therein and thereby refusing to dismiss the said bill without prejudice.

2. The lower court erred in not rendering a decree in favor of the complainant on the final hearing on bill and answer.

There was no error in refusing to dismiss the bill of complaint without prejurice. More than three months had passed since the cause was at issue under the statute, and no master had been appointed and no testimony taken. No excuse appears in the record for this delay. The defendants had a right to set the cause for final hearing on bill and answer under the statute and court rule, the time for taking testimony having expired. Equity Rules No. 85 and 86; Gray v. Micker, 21 Fla. 593. This right having accrued to the defendants and they having acted upon it, it seems such a substantial right that the judge could not lightly deprive them of it in a decree based upon the bill and answer. This question has been fully discussed by this court in Myers v. Julian, 57 Fla. 493, 48 South. Rep. 998, and in Mayfield v. Wernicke Chemical Co., 65 Fla. 113, 61 South. Rep. 191. In the Mayfield-Wernicke case a much stronger showing was made by the complainant for delay than

in the instant case, and yet this court sustained the lower court in dismissing the bill upon bill and answer. There seems to be no sufficient equity and right in the instant case in favor of the complainant that would justify the lower court in granting a request to dismiss the bill without prejudice.

We next consider the second head which contends that the lower court erred in not rendering a decree in favor of the complainant on the bill and answer.

The lower court erred in rendering a decree for defendant and refusing to render a decree for complainant on bill and answer. The bill prays for a cancellation of the satisfaction, and the pleadings show that the satisfaction should not have been recorded. Equity will cancel a release or satisfaction of mortgage given to become operative and to be recorded upon conditions to be fulfilled. Whipple v. Fowler, 41 Neb. 675, 60 N. W. Rep. 15; Reed v. Jennings, 196 Ill. 472, 63 N. E. Rep. 1005.

"A party giving a receipt or release admitting payment in full has a right to show that it is untrue." Southern Kansas Farm, Loan & Trust Co. v. Garrity, 57 Kan. 805, 48 Pac. Rep. 33.

The decree appealed from should be reversed and the satisfaction ordered cancelled.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.