CHATHAM INVESTMENT COMPANY, a Corporation, *Appellant*, v. SUNSHINE INVESTMENTS, INC., a Corporation; M. E. GRUBER and M. E. GRUBER, INC., a Corporation, *Appellees*.

Division B.

Opinion filed October 25, 1929.

784

*Treadwell & Treadwell,* for Appellant;

*Leitner & Leitner,* for Appellees.

BUFORD, J.—In this case appellant filed bill to foreclose mortgage.

M. E. Gruber and M. E. Gruber, Incorporated, were made parties defendant for that as it was alleged M. E. Gruber had by the terms of a sealed, written instrument assumed and promised to pay the indebtedness secured by the mortgage, and that M. E. Gruber, Incorporated, had likewise assumed and promised to pay the same indebtedness.

Neither the alleged written instrument by which either of the defendants M. E. Gruber or M. E. Gruber, Incorporated, became bound to pay the obligation was attached to or made a part of the bill of complaint.

M. E. Gruber and M. E. Gruber, Incorporated, filed joint and several answers in which it was denied that M. E. Gruber or M. E. Gruber, Incorporated, had by a written instrument become bound to pay the obligation. The answers were not under oath. Oath to answer was specifically waived by the complainant in his bill of complaint. No exceptions were filed to the answer.

After the time had expired for taking testimony, the defendants answering set the cause down for final hearing on bill and answer.

In Zewadski v. Dyal et al., 78 Fla. 109, 82 So. R. 846, this Court say:

"Defendants have a right to set cause down for final hearing on bill and answer under the statute and court rule, the time for taking testimony having expired. The right having accrued to the defendants, and they

having acted upon it, it is such a substantial right that the judge should not lightly deprive them of it in a decree based on bill and answer."

See Equity Rule No. 85.

The burden was on the complainant to prove every material allegation of his bill which was contested by the allegations of the answer. See Indian River Mfg. Co. v. Wooten, 55 Fla. 745, 46 So. R. 185; Lykes v. Beauchamp, 49 Fla. 333, 38 So. R. 603; Hanover Fire Ins. Co. v. Hiers, 79 Fla. 408, 84 So. R. 605, and cases there cited.

The time had expired for taking testimony and the complainant had offered no proof in support of the allegations of the bill against M. E. Gruber or M. E. Gruber, Incorporated.

We find no reversible error in the order and decree appealed from and the same should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.