54 So.2d 193 (1951)
STRONG et ux.
v.
CLAY.
Supreme Court of Florida, Division B.
September 7, 1951.
*194 Garland W. Spencer, Sanford, for petitioners.
P.B. Howell and J.C. Getzen, Jr., Bushnell, for respondent.
SEBRING, Chief Justice.
This is a certiorari proceeding in which the petitioners seek to quash an order entered at final hearing on the pleadings. The facts necessary to a decision are simple:
On July 28, 1950 the respondent filed a complaint in the Circuit Court of Sumter County praying for the entry of a temporary injunction against the petitioners without notice. An injunction was entered on the day the complaint was filed, in accordance with the prayer, and has never been vacated or set aside. Subsequently, various and sundry pleadings were filed by the parties, and on February 1, 1951 the cause became at issue. No time was ever fixed by the court thereafter for the taking of testimony, nor was the cause ever set for trial before the court. More than two months elapsed after the cause became at issue, during which time neither party made any move to bring the cause to trial. Thereafter, the petitioners set the cause down for final hearing on the pleadings. The trial court declined to enter a decree for the petitioners on the pleadings because it was of the view that the time for taking testimony in the cause had been automatically extended by virtue of the existence of a general order of circuit-wide application which had been entered by the Circuit Judges of the Fifth Judicial Circuit, on July 22, 1950, as follows: "It is hereby ordered, that in all chancery cases coming to issue in this Court, that the time for taking testimony in each of such cases be, and the same is, hereby extended until time for taking such testimony is fixed or limited by special order of this Court, in each case, made either by the Court on its own motion, or on motion of one or more of the parties. * * *"
The petitioners seek to quash the order entered in the cause, on the ground that the general order of July 22, 1950 is in direct conflict with Florida Equity Rule 46 and hence is not controlling.
Section 25.47, Florida Statutes 1941, as amended by chapter 21995, Laws of Florida 1943, F.S.A., gives to the Supreme Court of Florida the power to make rules to govern the procedure in all courts of the State. Under this authority the Supreme Court, on November 22, 1949, entered an order adopting the Florida Common Law and Equity Rules, decreeing in said order that "* * * said rules shall become effective on the 1st day of January 1950, and * * * all actions at law and suits in equity or proceedings commenced or instituted thereafter shall be conducted pursuant to said rules."
Florida Equity Rule 46, 31 F.S.A., adopted by the Supreme Court pursuant to said order, provides: "When any chancery cause shall be at issue and shall not have been set for trial before the court, the court of its own motion or upon application of either party after due notice to the opposite party, shall enter an order fixing the time within which the testimony of the parties shall be taken. After the entry of *195 such an order, the court may, upon good cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. * * * In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the making of testimony in any cause, unless the case has been set for trial before the court. * * *"
Under Equity Rule 46, where a cause has not been set for trial before the court, and the court has not entered an order fixing the time within which the testimony of the parties shall be taken, a period of two months from the time the cause is at issue, and no longer, is all the time allowed for the taking of testimony. When that period has expired, either party has the right, under Equity Rule 46, to set the cause down for final hearing on the pleadings and thus bring the cause to conclusion. Myers v. Julian, 57 Fla. 493, 48 So. 998; Zewadski v. Dyal, 78 Fla. 109, 82 So. 846; Chatham Investment Co. v. Sunshine Investments, Inc., 98 Fla. 783, 124 So. 374. At such a hearing all the proper allegations of the bill not sufficiently denied by the answer are to be taken as true and all allegations in the answer of new or affirmative matter are to be deemed denied. Moreover, where issues are made by denials in the answer, the decision at the hearing must be against the party who has the burden of proof according to the rules of evidence. See McCarthy, 1931 Florida Chancery Act, Annotation page 95.
It is plain that the general order promulgated by the judges of the Fifth Judicial Circuit is in direct material conflict with Equity Rule 46 adopted by the Supreme Court, in that it entirely abrogates the right of a party to bring the cause to conclusion by a final hearing on the pleadings where the two-months period has expired, by extending the period for taking testimony in all cases filed in the circuit until such time as the court by special order entered in each case has fixed or limited the time for the taking of testimony. So it is that while in fifteen judicial circuits of the State a valuable substantial procedural right is accorded to parties litigant in chancery causes, by reason of Equity Rule 46, adopted by the Supreme Court pursuant to the authority vested in it to make rules governing the procedure in all courts of the state, such right is non-existent in the Fifth Judicial Circuit by virtue of a local rule promulgated by the Circuit Court under a general order.
We have no doubt that the rule contained in the general order of July 22, 1950 was promulgated by the judges of the Fifth Circuit from the best of motives and with the earnest desire to serve the interests of justice. The fact remains, however, that the rule-making power with respect to practice and procedure in all courts of the State is vested in the Supreme Court; and that while in the absence of a rule prescribed by the Supreme Court there may be many special orders and rules which every court, from necessity must make, a Circuit Court does not have the authority to adopt a rule for a single circuit, which by its terms conflicts in such material aspect with a general rule of statewide application duly promulgated by the Supreme Court in the exercise of its authority. Compare State ex rel. Ross v. Call, 39 Fla. 504, 22 So. 748; Wilhelm v. South Indian River Co., 98 Fla. 970, 124 So. 729; Petition of Jacksonville Bar Association, 125 Fla. 175, 169 So. 674.
It follows from the conclusion reached that the challenged order entered in the cause should be quashed and that the cause should be remanded with directions to the Court below to hear the cause on the pleadings, the general order entered by the trial court on July 22, 1950 to the contrary notwithstanding.
It is so ordered.
CHAPMAN, ADAMS and ROBERTS, JJ., concur.