DREW, Justice.
The parties will be referred to by their status in the lower court where the appellant was the defendant and the appellee, was the plaintiff. The plaintiff brought an equity action to foreclose an alleged lien for labor and materials furnished for improvements to real property owned by the defendant, a married woman. The defendant duly filed an answer to which reference will be made later. After the time for taking testimony had expired, the defendant moved for a disposition of the case upon the bill and answer, under Equity Rule 46, now Rule 3.13, 1954 Rules of Civil Procedure, 30 F.S.A., pursuant to which the court entered a final decree in favor of the plaintiff ordering the foreclosure of the alleged lien. Defendant appealed from that decree.
The court in its findings asserted, among other things, that the “bill alleged and the answer admits that defendant’s husband” entered into a contract with the plaintiff for the improvements to her property; the *570 answer “does not effectively deny” that the improvements were made; therefore, the situation is covered by Section 84.12, F.S. 1951, F.S.A., and a decree must be entered for the plaintiff because there is no showing by defendant that she complied with Section 84.12 in that “the answer does not allege or show that the defendant wife either gave to the contractor or filed with the Clerk of the Circuit Court of Lake County, Florida, any written notice of her objection to the contract under which the work was done.”
We note that the complaint filed by the plaintiff nowhere alleges that the plaintiff gave to the defendant the written statement required by Section 84.04(3), F.S. 1951, F.S.A., that all lienors contracting directly with or directly employed by the contractor had been paid in full. Because there was no allegation to that effect, the complaint failed to state a cause of action for foreclosure of a mechanic’s lien under Chapter 84, F.S.1951, F.S.A. Moore v. Crum, Fla.1953, 68 So.2d 379, and cases therein cited. Because there was no cause of action stated under Chapter 84, the lower court was in error in holding that any provision of that chapter was applicable to the merits of the case.
We note also that even if the complaint be construed under Chapter 84, supra, to allege a contract made by plaintiff with the husband for improvements on property owned by the wife, the complaint does not allege affirmatively facts to show satisfaction of the requirements of Section 84.12, supra, which provides that the husband shall be deemed the agent of the wife if at the time the contract was made with him he was not separated and living apart from his wife and the defendant wife within ten days after learning of the contract failed to give the contractor and file with the Clerk of the Circuit Court written notice of her objections thereto. However, in view of the defect in the complaint previously referred to, we do not here decide whether plaintiff was required as part of a cause of action under Chapter 84 to make these allegations.
To find equity in the bill, it must be treated as being framed under Section 85.06, F.S.1951, F.S.A., which requires, among other things, that the lien to be established under that section upon the separate property of a married woman must be for labor and materials used upon the property “with her knowledge or assent or pursuant to a contract in writing with her”. Paragraph 3 of the complaint alleged that the defendant wife “by and through Fred Barton, her husband,” entered into- a “parole contract” with the plaintiff to do the work for which was claimed the lien and had full knowledge of the work done upon the property and did allow the plaintiff to complete the improvements without making any objection to the work so being done. This language is a sufficient allegation of assent of the wife. But, in paragraph 2 of her answer, with specific reference to this paragraph 3 of the complaint, the defendant specifically stated, “this defendant denies the allegations contained in the third paragraph of the bill of complaint.” This portion of the answer by the defendant was a specific denial by her of facts alleged by plaintiff which were essential to his cause of action and which he would have had the burden of proving at any trial on the merits. Applicable to the instant case is our holding that at a hearing upon bill and answer “where issues are made by denials in the answer, the decision at the hearing must be against the party who has the burden of proof according to the rules of evidence.” Strong v. Clay, Fla.1951, 54 So.2d 193, 195. Applying this rule to the pleadings which we have described, the defendant having denied allegations of the plaintiff essential to his cause of action, the decree on bill and answer should have been entered in favor of the defendant.
We have not overlooked further allegations in the paragraph 5 of the answer of the defendant to the effect that she positively refused to contract with plaintiff for the subject improvements; that she specifically advised the plaintiff that her husband had no authority to represent her or contract for the improvements previous to the *571 work being done; that her husband signed the contract attached to the complaint as exhibit A only on the express understanding that the contract would be of no effect until signed by the defendant.
These later allegations do not weaken the effect of defendant’s specific denial addressed to the alleged assent on her part to performance of the work. Moreover, these allegations explain and confirm her position that there was no contract and no assent on her part.
There is no basis upon which the decree for plaintiff can be sustained.
Reversed.
MATHEWS, C. J., and THOMAS and SEBRING, JJ., concur.