96 So.2d 799 (1957)
CITY OF MIAMI, a municipal corporation of the State of Florida, Appellant,
v.
MIAMI TRANSIT COMPANY, a Florida corporation, Appellee.
No. 57-46.
District Court of Appeal of Florida. Third District.
September 3, 1957.
*800 George S. Okell, Sr., Miami, for appellant.
Worley Gautier & Dawes, and Scott McCarthy Preston Steel & Gilleland, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
City of Miami, the plaintiff below, seeks reversal of a final decree entered in favor of appellee Miami Transit Company, defendant below, in a proceeding for declaratory decree.
The city sued the Transit Company in equity, in the Dade County Circuit Court on November 10, 1954. Its bill of complaint or Petition for Declaratory Decree, as it was entitled, was six pages long with 26 pages of exhibits attached. The city's contention was that in 1949 the Transit Company, without knowledge or consent of the city, had changed its method of computing its gross operating revenues, a percentage of which was payable to the city under its franchise contract with the Transit Company; that the new method was improper under the franchise contract; and that as a result Transit owed the city undetermined additional sums for certain past years, as to which the city prayed for an accounting.
The Transit Company filed a 15 page answer, with 31 pages of exhibits. In substance, the answer admitted the changes in 1949; denied it was without the city's knowledge and consent; insisted on the correctness of the method of computation; denied it was short on its required payments; and averred it had overpaid the city, for the return of which it counterclaimed.
The cause became at issue on February 27, 1955. The city's answer to Transit Company's counterclaim was filed February 7, 1955. Rule 3.8 of the 1954 Florida Rules of Civil Procedure, 31 F.S.A., provides:
"If at the expiration of 20 days from the service of the answer no counterclaim has been filed or, if counterclaim has been filed, then at the expiration of 20 days from the service of the reply thereto, the cause shall be deemed at issue. * * *."
Rule 3.13 then allowed two months for the taking of testimony. The time for that elapsed the end of April, 1955. On June 14, plaintiff moved for a pre-trial conference, which the court ordered to be held August 10. Following the pre-trial conference, the court made an order reciting that defendant Transit Company, during the pre-trial conference, had moved that the case be heard on bill and answer, and the court ordered that the matter be heard October 4 on bill and answer. By stipulation, the hearing was postponed from October 4 to December 19.
Earlier, on December 5, the city filed a motion for summary final decree, offering certain evidentiary matter, including an affidavit in support of the motion. Defendant objected to that motion on the ground that the time for taking testimony had elapsed and because the court had previously ordered that the cause should be heard on bill and answer.
Following the hearing on bill and answer, the court entered its final decree on January 17, 1956, denying the plaintiff's motion for summary final decree, finding the equities with the defendant Transit Company and dismissing the city's bill, and denying and dismissing the Transit Company's counterclaim with prejudice.
The first question raised by the city on the appeal is stated on page 5 of its brief as follows:
"Equity Rule 3.13 of the 1954 Rules of Civil Procedure limiting time for taking testimony in Chancery causes and thereby requiring the cause to be *801 heard on Bill and Answer is not applicable in actions for Declaratory Judgment or Decree pursuant to Chapter 87, F.S."
Rule 1.2(c) of 1954 Florida Rules of Civil Procedure, 30 F.S.A., provides: "Unless otherwise specifically provided by statute, special statutory proceedings shall be entered in the common law docket."
That follows Rule 1.2(b), which directs the clerk to keep both a common law docket and an equity docket, and says, "He shall enter all cases as they are commenced in the appropriate docket."
Appellant points to Rule 1.2(c), and contends that because of it, suits for declaratory decree under Chapter 87, F.S.A., can not properly be filed in equity. We can not agree.
Where the subject matter is of a kind considered acceptable to equity jurisdiction, a complaint or petition for declaratory decree, under Chapter 87, F.S.A., can and should be filed on the equity side of the court. That is shown clearly enough by the wording of the act.
Chapter 87, F.S.A., expressly authorizes "decrees, judgments or orders." The permission granted in Section 87.08 for submission to a jury of "issues of fact triable by a jury", is followed by a provision that it shall not be "construed as requiring a jury to determine issues of fact in equity cases." Also, Section 87.11, entitled "Construction of law", states that the purpose of the chapter is to afford "relief from insecurity and uncertainty with respect to rights status and other equitable or legal relations."
And Section 87.12 includes this statement: "When a suit for declaratory decree is filed as provided in this chapter the court shall have power to give as full and complete equitable relief as it would have had if such proceeding had been instituted as a suit in equity." [Italics supplied.]
Those references in Chapter 87, F.S.A., to decrees as well as to judgments, and the express provisions concerning equitable rights and equitable relief, indicate that proceedings under the statute may be either legal or equitable. As examples of suits brought under Chapter 87 on the equity side of the court, see Lockleer v. City of West Palm Beach, Fla. 1951, 51 So.2d 291; Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445; and Taylor v. Cooper, Fla. 1952, 604 So.2d 534.
This cause was styled and filed in equity in the circuit court. The City of Miami, as party plaintiff, having elected to submit the proceeding for declaratory decree to the equity court, is in no position now to disclaim its chosen forum. Moreover, the suit was equitable in nature, for an accounting. As this was a suit in equity, the rules for equity suits were applicable, including that limiting the time for taking testimony.
The court properly denied the city's motion for summary final decree. The time for taking testimony had expired, defendant had moved and the court had made provision for a hearing on bill and answer, and the time for such hearing had been set, all prior to the filing by the city of its motion for summary final decree.
When the case of Strong v. Clay, Fla., 54 So.2d 193, was decided in 1951, Equity Rule 46 (1950) was in effect limiting time for testimony to two months. That rule itself was held to be the basis for setting the cause down for final hearing on bill and answer after time for taking testimony had elapsed. Thus, in the Strong case, 54 So.2d at page 195, the court said:
"Under Equity Rule 46, where a cause has not been set for trial before the court, and the court has not entered an order fixing the time within which the testimony of the parties shall be taken, a period of two months from the time the cause is at issue, and no longer, *802 is all the time allowed for the taking of testimony. When that period has expired, either party has the right, under Equity Rule 46, to set the cause down for final hearing on the pleadings and thus bring the cause to conclusion. Myers v. Julian, 57 Fla. 493, 48 So. 998; Zewadski v. Dyal, 78 Fla. 109, 82 So. 846; Chatham Investment Co. v. Sunshine Investments, Inc., 98 Fla. 783, 124 So. 374. At such a hearing all the proper allegations of the bill not sufficiently denied by the answer are to be taken as true and all allegations in the answer of new or affirmative matter are to be deemed denied. Moreover, where issues are made by denials in the answer, the decision at the hearing must be against the party who has the burden of proof according to the rules of evidence. See McCarthy, 1931 Florida Chancery Act, Annotation page 95." [Italics supplied.]
In Muller v. Maxcy, Fla. 1954, 74 So.2d 879, 881, the court said:
"* * * After the expiration of the two-months period, the defendant set the cause down for final hearing on the pleadings  bill and answers. They thus became entitled to a decree of dismissal if the facts pleaded in the cause by bill and answers warranted such relief. This was a substantial right of which the defendants could not be deprived except upon clear grounds of equity and right. Mayfield v. Wernicke Chemical Co., supra [65 Fla. 113, 61 So. 191]; Strong v. Clay, Fla., 54 So.2d 193."
The situation and procedure as it was under former Equity Rule 46, when time for taking testimony has expired, is the same under the present rule 3.13. See Arnow and Brown, Florida's 1954 Rules of Civil Procedure, 7 U.Fla.L.Rev. 125, 140 (1954). This was recognized in Barton v. Horwick, Fla. 1955, 78 So.2d 569, as shown by the following language from the opinion in that case:
"* * * The plaintiff brought an equity action to foreclose an alleged lien for labor and materials furnished for improvements to real property owned by the defendant, a married woman. The defendant duly filed an answer to which reference will be made later. After the time for taking testimony had expired, the defendant moved for a disposition of the case upon the bill and answer, under Equity Rule 46, now Rule 3.13, 1954 Rules of Civil Procedure, 30 F.S.A., pursuant to which the court entered a final decree in favor of the plaintiff ordering the foreclosure of the alleged lien."
Further in the opinion, 78 So.2d at page 570, the court said:
"* * * Applicable to the instant case is our holding that at a hearing upon bill and answer `where issues are made by denials in the answer, the decision at the hearing must be against the party who has the burden of proof according to the rules of evidence.' Strong v. Clay Fla. 1951, 54 So.2d 193, 195. Applying this rule to the pleadings which we have described, the defendant having denied allegations of the plaintiff essential to his cause of action, the decree on bill and answer should have been entered in favor of the defendant."
These holdings show that the long established practice of moving or setting an equity case down for final hearing on bill and answer, when the time for taking testimony has expired, continues to prevail, and that the present rule 3.13 furnishes a basis for so moving, just as did Equity Rule 46, which preceded it.
In the recent case of Reinhard v. Bliss, Fla. 1956, 85 So.2d 131, the Supreme Court treated a motion for decree on bill and answer, filed after the time for taking testimony had expired, as a Motion for Decree on the Pleadings under Rule 1.11(c) of 1954 Florida Rules of Civil Procedure, 30 F.S.A. By allowing a motion for judgment *803 or decree on the pleadings, "within such time as not to delay the trial," Rule 1.11 (c) appears to contemplate its exercise as a pre-trial step. In the Reinhard case, treating the motion for decree on bill and answer as being a motion under Rule 1.11 (c) may be classed as appropriate because the decision there was based on a question of the sufficiency of the complaint to state a cause of action, which the motion served to probe. As the Court there said (85 So.2d 131, at page 133):
"* * * The test we apply in this instance is the same as if defendant has made a motion to dismiss the complaint for `failure to state a cause of action' under State rule 1.11(b) (6). The allegations of the defendant's answer are of no avail to him at a hearing on defendant's motion for decree on the pleadings."
Contrasted with that, a motion under present Rule 3.13, as well as one under the earlier Equity Rule 46, setting a cause down for hearing on bill and answer after the time limit fixed by such rule for taking testimony has elapsed, is one by which the moving party seeks a final hearing and decree on the merits. See Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 So. 939; Mayfield v. Wernicke Chemical Co., 65 Fla. 113, 61 So. 191; Zewadski v. Dyal, 78 Fla. 109, 82 So. 846; Strong v. Clay, supra; Muller v. Maxcy, supra.
Appellant's third point charged that the court erred in finding the equities to be with the defendant Transit Company, on the hearing on bill and answer. The pleadings and their exhibits placed before the court sufficient material upon which the court could determine the controversy. While the franchise contract and ordinance involved were not in dispute, the views of the parties on the meaning and construction were in real conflict.
Also, one material allegation was denied. Plaintiff city alleged that the Transit Company's 1949 change in method of computing its gross operating revenues was done without the knowledge or consent of the city. The Transit Company's answer denied that allegation.
Appellant argued that it was entitled to adjudication of its rights under the franchise ordinance. That argument assumes that the lower court granted final decree in the defendant's favor without determining such rights. There is no basis for that assumption. The court found and decreed that the equities of the cause were with the defendant Transit Company, and since the one party contended before the chancellor that the requirements of the franchise ordinance had been violated, and the other party contended the contrary, there seems no reason to assume that the decision was not based upon the court's consideration and determination of the matters thus properly before it on the final hearing.
The decree itself refutes appellant's contention that the court did not declare the rights under the franchise ordinance with respect to the matter in controversy. It was there decreed:
"3. That the equities of this cause are with the Defendant and that no additional tax amounts are due by the Defendant, Miami Transit Company, to the City of Miami, and that the Bill of Complaint be and the same is hereby dismissed, with prejudice, at the cost of the Plaintiff."
That clearly implies that the court decided the controverted matters on the merits, and appellant has not shown us on this record or in argument wherein such ruling of the chancellor was an erroneous decision.
The final decree appealed from is hereby affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.