105 So.2d 605 (1958)
Frances NYSTROM, Appellant,
v.
Herman J. NYSTROM, Appellee.
No. 109.
District Court of Appeal of Florida. Second District.
October 10, 1958.
*606 McLeod, Sutton & Brown and E. Hood Wilkerson, Orlando, for appellant.
W.B. Hunter and R.P. Hamlin, Tavares, and C. Harold Hippler, Eustis, for appellee.
PER CURIAM.
Appellant wife, defendant below, brings this interlocutory appeal to review two orders entered by the Chancellor below in a divorce action instituted by appellee husband. The parties will be referred to as they appeared in the lower court.
The plaintiff husband's complaint seeking a divorce on two grounds was filed November 5, 1955. An intervening motion having been disposed of, defendant wife filed her answer on March 10, 1956; she denied in extenso the material allegations of the complaint, and, in addition, by counterclaim sought separate maintenance, suit money and other relief. Plaintiff's reply, in which he denied the material allegations of the counterclaim, was filed April 2, 1956.
Nothing further occurred in the cause until June 29, 1956, when the Chancellor, finding the cause "now at issue and ready for the taking of testimony," appointed a special master to take the testimony and other proofs and to report same to the court, together with his findings at law and of fact and his recommendations. With no further findings, the order also extended the time for taking testimony for a period of sixty days from its date. As noted below, this order apparently was entered without notice to defendant.
On July 2, 1956, defendant filed a motion for leave to file an amendment to her answer or an amended answer, as she might elect. This motion was apparently brought on for hearing by the plaintiff on August 13, 1956, the order entered that date reciting that defendant was given due and regular notice of the hearing and failed to appear. The motion was denied.
On October 13, 1956, notice was addressed to defendant's attorneys that the cause had been set for taking of testimony on final hearing on October 20, 1956. Immediately thereafter, on October 18, 1956, defendant filed a motion containing two paragraphs, the first petitioning the Chancellor to rescind the order appointing the special master, and the second asking for a hearing, on notice, for the appointment in said cause of some other attorney to perform such functions in the cause. The reasons for the motion were stated to be that the *607 special master was co-counsel with plaintiff's attorney in another cause, one of some notoriety; that said master was appointed without notice to, or hearing of, the defendant; and that defendant was entitled to a trial of issues of law and fact in her case before a master or judge free of any influence that might consciously or unconsciously affect him.
Apparently no action was taken until about August 28, 1957, when defendant's counsel were notified that the last-described motion would be called up for hearing before the special master on September 3, 1957. We are told that neither defendant nor her counsel appeared at this hearing. On the hearing date, the special master entered an order in which he recited that counsel for the defendant failed to appear in support of said motion and, finding that the allegations of the motion did not form a proper basis for his alleged disqualification, he denied the motion to cancel his appointment.
On the same date, September 3, 1957, the Chancellor, again without notice to defendant, entered an order reciting that the order of the special master came on to be heard before him and the same was approved and confirmed. This order of the Chancellor is one of the two herein appealed from.
On September 4, 1957, plaintiff gave formal notice to defendant that the cause had been set for taking of testimony on final hearing before the special master on September 20, 1957. So far as we are advised, there was no order authorizing the taking of testimony after the sixty-day extension ordered on June 29, 1956.
On September 12, 1957, defendant filed a motion for decree in her favor on the pleadings. The motion was amended to correct the dates in certain allegations and upon hearing, September 17, 1957, before a substitute Chancellor, the motion and amended motion were denied. The order denying her a decree on the pleadings is the second order sought to be reviewed in this appeal.
Defendant, as appellant, contends that the lower court erred in denying her motion for decree on the pleadings, the time for taking testimony having long since expired. She further contends that the order confirming the denial of her motion to cancel the appointment of the special master had the effect of requiring her to submit her cause to a special master to whose appointment she had not consented.
On the other hand, the plaintiff, as appellee, contends that the defendant's motion to file an amended answer made the cause no longer at issue, and testimony could not have been taken until said motion was denied on August 16, 1956; that the sixty-day period from that date expired October 16, 1956, and three days later the defendant's motion to cancel the order appointing the special master again placed the cause no longer at issue until that motion was disposed of; therefore, it is contended that the lawsuit never reached the point at which the defendant could properly move for a judgment on the pleadings upon the ground that the time for taking testimony had expired and that if there were brief interludes when such motion would have been proper, the defendant each time waived her right so to move by electing to file further pleadings in the cause.
As to defendant's second point, concerning the denial of her motion to cancel the appointment of the special master, the plaintiff contends that if the defendant had objected to the referral of the cause to any master, her point might be worthy of consideration, but that the motion as made simply objected to the particular person acting as special master and recognized the propriety of the appointment of a special master by asking for the appointment of some other attorney to perform the functions contemplated by the order.
We will first consider the denial of defendant's motion for a "decree on the pleadings," contained in the order entered September 17, 1957, since if this is decided for appellant-defendant, the other point need not be considered.
*608 At the outset we must call attention to the distinction between the action taken in this and other similar cases, where the motion is referred to as for final hearing on bill and answer, the time for taking of testimony having elapsed, and those cases where the motion is for a decree on the pleadings under Rule 1.11(c), Rules of Civil Procedure (formerly Equity Rule 33 (c)), 30 F.S.A. See Kooman, Florida Chancery Pleading and Practice, Secs. 131 and 132. As was explained in City of Miami v. Miami Transit Company, Fla. App. 3d Dist. 1957, 96 So.2d 799, Rule 1.11 (c) contemplates the motion for decree on the pleadings as a pre-trial step.
On the other hand, aside from the provisions of Rule 1.11(c) and its predecessor, it was established in Strong v. Clay, Fla. 1951, 54 So.2d 193, that under former Equity Rule 46, now succeeded with little change as Rule 3.13, Rules of Civil Procedure, 31 F.S.A., when the period allowed for the taking of testimony has expired, either party has the right to set the cause down for final hearing on bill and answer, and thus to bring the cause to a conclusion. Further, in Muller v. Maxcy, Fla. 1954, 74 So.2d 879, the Supreme Court of Florida pointed out that by so moving, a party acquired a substantial right, of which he should not be deprived except upon clear grounds of equity and right. In City of Miami v. Miami Transit Company, supra [96 So.2d 803], such hearing under Rule 3.13 was characterized as "one by which the moving party seeks a final hearing and decree on the merits." Kooman, Id., Sec. 132.
It is appellee-plaintiff's contention that defendant's motions; first, for leave to amend her answer, and second, to rescind the order appointing the special master, had the effect of withdrawing the cause from being at issue, so that the time for taking testimony never substantially elapsed. As related above, neither motion was granted. A different question would be presented if, for example, the first motion had been granted, this action being by the Chancellor, for then the pleadings would be reopened and the cause would really be no longer at issue. A situation more nearly analogous to the present one was presented in Tropicaire Engineering Service Corp. v. Chrysler Airtemp Sales Corp., Fla.App. 3d Dist. 1957, 97 So.2d 149, 151, where it was contended that reservation of ruling on a motion to dismiss and the pendency of other motions, including one for leave to amend, prevented a cause from being at issue and therefore suspended the time for taking of testimony. Rejecting this contention upon a consideration of Rules 1.11(d), 3.8 and 3.13, Rules of Civil Procedure, the District Court of Appeal of Florida, Third District, wrote:
"On reading those rules together it is clear that the provision in rule 3.8 to the effect that a suit will not be deemed at issue until a pending motion to dismiss is ruled upon by the court, has reference to instances where answer has not been served and the ruling on the motion is to precede the requirement to answer. But that provision does not operate where the court avails itself of the procedure furnished by rule 1.11(d) of postponing ruling on the motion to dismiss until the final hearing or trial. This is so, because it is the practice, where ruling is reserved until trial on a motion to dismiss, for the court to fix the time for answer and to require answer to be served and filed. When answer is served, or in the case of a counterclaim where reply thereto is served, then after a further lapse of twenty days the equity suit becomes at issue, by force of an express provision of rule 3.8. Then rule 3.13 operates, limiting the time for taking testimony.
"Here the answers were served and filed in March of 1955, and the plaintiff's reply to the counterclaim was served and filed April 26, 1955. According to the applicable rules, the cause was at issue on May 16, 1955, *609 twenty days after reply to counterclaim."
It thus appears to us that, contrary to plaintiff's contention, the defendant's motions did not have the effect of postponing the time for taking testimony. Muller v. Maxcy, supra.
However, the Chancellor is accorded a wide discretion in ruling on a motion for decree on final hearing on bill and answer, for, as has been observed, he is in the best position to determine the value of the various factors involved. Glassman v. Deauville Enterprises, Fla. App. 3d Dist. 1958, 99 So.2d 641. And see Glassman v. Deauville Enterprises, Fla. App. 3d Dist. 1958, 101 So.2d 432. It may well have appeared to him here, as it does to us, that neither party was entirely free of blame for the delay in resolving the cause. Further, because of the interest of the state as a silent third party in cases involving the marital status, the consideration given in reviewing a Chancellor's exercise of discretion is necessarily and understandably more tolerant, and the liberality allowed in matters of pleading and procedure is greater than in other civil, or even other equity, cases. With this view we distinguish any apparently applicable statements in Muller v. Maxcy, Fla. 1954, 74 So.2d 879, and other similar cases. When all the factors present in the instant case are considered, the Chancellor's action in denying a decree on bill and answer appears not to be beyond the proper bounds of his discretion. The appellant having failed to demonstrate an abuse of this discretion, the order of September 17, 1957, is affirmed.
Turning now to the other order appealed, the order of September 3, 1957, which without notice confirmed the action of the special master in denying defendant's petition to the Chancellor to rescind the appointment of the special master, it will suffice to consider only that this order was entered without notice of hearing and an opportunity to be heard and that the order which the motion attacked, appointing the special master, was clearly alleged therein likewise to have been entered without notice of hearing and an opportunity to be heard.
It is now well settled that the reference of an entire cause to a master without the consent, either express or tacit, of one of the parties is erroneous. Slatcoff v. Dezen, Fla. 1954, 74 So.2d 59; Powell v. Weger, Fla. 1957, 97 So.2d 617. Due process, as well as orderly procedure, contemplates that notice and a full and fair opportunity to be heard should be given each party before any significant step is taken in the proceedings in a cause. Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; Eagle v. Carr, 153 Fla. 224, 14 So.2d 268; Feuer v. Feuer, 156 Fla. 117, 22 So.2d 641; Atlantic Coast Line R. Co. v. Lake County Citrus Sales, Fla. 1950, 48 So.2d 922; Dykes v. Dykes, Fla. 1954, 71 So.2d 171.
Whatever the situation formerly, it is not now to be doubted that the reference of an entire controversy to a master is a substantial matter and one entitling a party to notice and an opportunity to be heard. When the failure to accord a party such notice and hearing is not waived but is timely called to the attention of the trial court, as did the appellant's motion to rescind the appointment of the special master, that court should rectify the oversight according to the justice of the cause. In the instant case, it is clear that the Chancellor was in error in considering the special master's action on appellant-defendant's motion in the absence of proper notice to defendant, and this reason alone is sufficient for reversal of the order of September 3, 1957. Further, it seems clear that his action should have been to vacate the appointment of the special master (despite the special master's abortive action on the motion) and to begin anew the consideration of the cause at this stage. Feuer v. Feuer, supra; Chaachou v. Chaachou, Fla. 1957, 92 So.2d 414. For the reasons stated, the order of September 3, 1957, is reversed. Upon remand the Chancellor should, we *610 think, vacate the appointment of the special master and then determine whether testimony is required for a just disposition of the cause. If, as seems probable, he determines that testimony is required, he should decide, upon hearing after notice, whether to hear the case himself or, with the parties' consent, to appoint a special master anew.
Defendant has filed a petition for allowance to her in this court of attorney's fees and suit money and maintenance and support for herself and the two dependents of the parties during the appeal. The petition is strongly controverted by plaintiff, who points out that temporary allowances were not made or even applied for in the lower court. While it seems clear that defendant is entitled to some amount for the support of herself and the two dependents even if all that plaintiff says is accepted as true, yet it appears to us that the record here presented does not afford us sufficient evidentiary basis upon which to determine the amount of such allowance. We feel it necessary, therefore, to deny defendant's petition in regard to her maintenance and support and that of the two dependents, but without prejudice to any showing that may be made to the Chancellor below after remand. Defendant is entitled to have the portion of the petition relating to attorney's fees and costs granted and plaintiff is directed, within fifteen days of the filing of the mandate herein in the lower court, to reimburse defendant for her costs herein expended and to pay her a fee for her attorneys, which fee, upon consideration of all the factors involved in the appeal, is hereby fixed at $200.
The order of September 3, 1957, is reversed; the order of September 17, 1957, is affirmed; and the cause is remanded for further proceedings in accordance with this opinion.
ALLEN, Acting Chief Judge, and THORNAL, CAMPBELL, BARKER and ROGER, Associate Judges, concur.