BARNS, PAUL D., Associate Judge
(concurring specially).
Appellee-plaintiff Solomon filed a complaint against the appellants-defendants to enforce a mechanic’s lien against property owned by the appellants relating to the construction of a residence. The defendants answered and after the time for taking testimony had expired the lower court upon motion of the plaintiff dismissed the suit “without prejudice” on the ex parte motion therefor made by plaintiff. Whereupon defendants appeal and contend that the dismissal should have been “with prejudice.” We fail to find prejudicial error and I concur in the denial of the petition for rehearing.
The time for taking testimony having expired the defendant-appellant filed a motion as follows:
“The time for taking testimony under Rule 3.13 having expired, without any testimony having been taken in this cause, and this cause not being set for trial before the Court, defendants move the Court for a decree on the pleadings.”
In disposing of the foregoing motion the lower court entered an order as follows:
“The motions for final decree and summary decree filed herein on bill and answer or plaintiff may file voluntary motion for order of dismissal without prejudice.”
Thereupon plaintiff-appellee promptly procured on his own an order of dismissal, ex parte.
Generally when, in a suit in equity, the defendant has filed an answer to a complaint and the time limited for the plaintiff to establish his claim has elapsed without proof the plaintiff’s claim must fail for the want of prosecution for the reasons stated in City of Miami v. Miami Transit Co., Fla.App.1957, 96 So.2d 799, and the only final decree authorized under such circumstances is a dismissal.
The first contention of the appellants is that the lower court erred in denying defendants’ motion for a decree on the pleadings in favor of the defendants. This motion of the defendants was filed after the time allowed for taking testimony had expired. Florida Rules of Civil Procedure, Rule 1.11(c), 30 F.S.A., taken from Federal Rules of Civil Procedure, Rule 12(c), 28 U.S.C.A., provides:
“(c) Motion for Judgment or Decree on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial any party may move for judgment or decree on the pleadings.”
As stated in 2 Moore’s Federal Practice (2nd Ed.) 2269, the rule of law to be applied in testing the merits of a motion for a judgment on the pleadings is that, for the purpose of the motion, “all well-pleaded material allegations of the moving party which have been denied are taken as false.” The latter clause in respect to the allegations of the moving party being taken as false is fortified by the Florida Rules of Civil Procedure, Rule 1.8(e) which provides that “Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoidedwhich State rule we have adopted from Federal Rules of Civil Procedure, Rule 8(d). Upon a hearing on a defendant’s motion for a judgment or decree on the pleadings the defendant’s answer is of no avail to him and, as stated in 2 Moore’s Federal Practice (2nd Ed.) 2269-2270, “hence, a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer when no reply is required, since under Rule 8(d) these allegations are deemed denied.” See Brinich v. Reading Co., D.C., 9 F.R.D. 420.
*777 The foregoing rules of law to he applied have particular application when the defendant moves for a judgment or decree on the pleadings, otherwise he would have the benefit of the self-serving allegations in his answer being accepted as true, without proof, on his own motion which would he in conflict with a fair administration of justice. Since on a hearing on defendant’s motion for a decree on the pleadings his answer is of no avail to him, it then follows that merits of the motion is tested by the sufficiency of the complaint. Reinhard v. Bliss, Fla., 85 So.2d 131. The complaint is sufficient and the lower court did not err on this point.
Appellants further contention is that when the defendants have answered the complaint and the time for taking testimony has expired without any testimony having been taken, that defendants motion for decree on the pleadings is equivalent to a defendants motion for a “decree on bill and answer.” With this contention there is no disagreement. But appellants contend that a decree on bill and answer under the pleadings and these circumstances entitle him to a dismissal “with prejudice”. With this contention we disagree.
Dismissal With Prejudice
Under the foregoing circumstances and the further circumstances as reflected by the pleadings and other factors appearing, the Supreme Court or a District Court of Appeal has held a dismissal “with prejudice” to have been authorized in the following cases: Myers v. Julian, 57 Fla. 493, 48 So. 998; Garcia & Bros. v. Garcia & Bros., 57 Fla. 421, 49 So. 749; Mayfield v. Wernicke Chemical Co., 65 Fla. 113, 61 So. 191; Chatham Inv. Co. v. Sunshine Inv. Co., 98 Fla. 783, 124 So. 374; Young v. Curtis, 108 Fla. 348, 146 So. 543; Strong v. Clay, Fla., 54 So.2d 193; Town of Miami Springs v. Marshall, Fla., 83 So.2d 852; City of Miami v. Miami Transit Co., Fla. App., 96 So.2d 799; Tropicaire Engineering Service Corp. v. Chrysler Airtemp Sales Corp., Fla.App., 97 So.2d 149.
Furthermore the mere fact that defendant has set the case down for a final hearing on bill and answer after the time for taking testimony has expired when no testimony has been taken does not entitle defendant to a favorable decree if defendant’s answer fails to deny well pleaded allegations of the complaint which show the pleader is entitled to relief, and a decree against the defendant is proper. In Zewadski v. Dyal, 78 Fla. 109, 82 So. 846, the lower court entered an order of dismissal with prejudice under the foregoing circumstances and the order was reversed with directions to enter a final decree favorable to the plaintiff because of admissions for want of a denial by the defendant.
Dismissal Without Prejudice
Our Supreme Court has recognized that the chancellor has discretion in dismissing suits in equity for want of plaintiff prosecuting his case by the taking of evidence within the time allowed and he will be reversed only for the abuse of discretion as shown by the following cases. Mershon v. Barnard, 79 Fla. 253, 84 So. 95, in affirming a decree of dismissal “without prejudice” when the defendant had set the case for a hearing on bill, answer and replication (presumably after the time for taking testimony had expired). The Court stated:
“In a suit brought to quiet title to land and for appropriate relief, upon a hearing set down by the defendants on the bill, answers, and replications, the chancellor, finding that on the pleadings he could not ‘pass any intelligent decree for either party,’ dismissed the bill of complaint without prejudice, and the complainant appealed. On the authority of the decision in Meffert v. Thomas, 51 Fla. 492, 40 So. 764, the decree should be affirmed. See, also, Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 So. 939.”
Demos v. Walker, 99 Fla. 302, 126 So. 305, 307, is a case where after the defendant set the cause down for a hearing on bilí *778 and answer when the time for taking testimony had expired, the plaintiff moved for an order extending the time for taking testimony and also a motion for dismissal “without prejudice”. The lower court denied both motions and entered a final decree of dismissal with prejudice. The Supreme Court in reversing the lower court for dismissing with prejudice, after citing Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 So. 939, with approval stated:
“We have held that, where it is hardly possible, in the absence of any evidence, for the court, upon hearing on bill and answer, to pass upon the real merits of the controversy between the parties, there is no abuse of discretion if the court grants a motion by complainant to be allowed to dismiss her bill without prejudice to her right to relitigate the matter. Meffert v. Thomas, 51 Fla. 492, 40 So. 764; Mershon v. Barnard, 79 Fla. 253, 84 So. 95.”
Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 So. 939, in affirming a dismissal of a bill “without prejudice” on motion of the plaintiff, over the objection of the defendant and after answer and replication had been filed, the Supreme Court held:
“It is within the sound judicial discretion of the chancellor to dismiss without prejudice a bill of complaint in equity, thereby enabling the complainant to relitigate the matter in controversy, and an appellate court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling: Meffert v. Thomas, 51 Fla. 492, 40 So. 764, and authorities there cited.”
And, as to when a dismissal should not be “without prejudice” the Court stated:
“Yet if the defendant has entitled himself to affirmative relief, or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense, and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant’s application to dismiss without prejudice.”
Meffert v. Thomas, 51 Fla. 492, 40 So. 764; in affirming the final decree of dismissal “without prejudice” on a motion of the defendant for a final decree on bill, answer and replication the Supreme Court stated:
“Under the circumstances disclosed by the record it was a matter within the sound judicial discretion of the court below as to whether he would so shape his decree as to make it a final adjudication of the controversy between the parties, or dismiss the complainant’s bill without prejudice, thereby enabling him to relitigate the matter under more fortuitous conditions so far as proper attention to his case is concerned. It has been held here repeatedly, as well as elsewhere, that rulings resting within the sound judicial discretion of the trial court will not be disturbed by an appellate court, unless it clearly appears that there has been an abuse of such discretion to the material detriment of the party affected by the ruling. Ahren v. Willis, 6 Fla. 359; Da Costa v. Dibble, 40 Fla. 418, 24 So. 911; Robbins v. Hanbury, 37 Fla. 468, 19 So. 886; Long v. Anderson, 48 Fla. 279, 37 So. 216; Lykes v. Beauchamp, 49 Fla. 333, 38 So. 603.”
The second point is that the lower court erred in dismissing “without prejudice” *779 and should have dismissed “with prejudice” when the case was dismissed at plaintiff’s request. Florida Rules of Civil Procedure, Rule 1.35(a) (2) relating to voluntary dismissal by the Court at the plaintiff’s instance provides “Unless otherwise specified in the order, a dismissal under this paragraph shall be without prejudice.” This State rule was taken from the Federal Rules of Civil Procedure, Rule 41(a) (2). The express dismissal “without prejudice” followed the policy as stated in the language of our Rule 1.35(a) (2) supra governing voluntary dismissals and no showing was made as to why an exception to the right to dismiss without prejudice should be applied.
Whether the dismissal is to be with or without prejudice may also depend on the subject matter of litigation, the sufficiency of the complaint, the sufficiency of the answer, whether the time of taking testimony has expired when no testimony has been taken, and whether the motion for decree on the pleadings is made before or after the time for taking testimony has expired and, also, whether the motion is made by the plaintiff or the defendant and whether a counterclaim has been filed and whether the dismissal of the complaint will carry with it the counterclaim or leave the counterclaim for independent determination.
In the dismissal of actions under Florida Rules of Civil Procedure, Rule 1.35, voluntary dismissals are “without prejudice” unless otherwise specified in the order, and involuntary dismissals “operate as an adjudication on the merits” and is therefore “with prejudice”, unless the order otherwise specifies. This rule allows for the exercise of discretion. By discretion is meant sound and mature judicial discretion, legal discretion and its exercise is not a mere matter of grace toward the moving party. It is as in Laongnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 where, as to discretion generally, it is stated:
“The term ‘discretion’ denotes the absence of a hard and fast rule. * * When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised' not arbitrarily or willfully, hut with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.”
The facts and circumstances in each case operate to guide the judge in the exercise of his discretion. To have dismissed the case “with prejudice” would clearly prejudice the plaintiff in the event of any, subsequent action to enforce his claim in an action at law. For the chancellor to have dismissed “without prejudice” does not appear to conflict with what was right and just in this instance.
The dismissal “without prejudice” does not appear to have affected any rights of the defendant, legal or equitable. For authorities governing the court and .the rights of the plaintiff and the rights of a defendant as to when a suit in equity may be dismissed “with prejudice” and “without prejudice” see Federal cases cited in Tilghman Cypress Co. v. John R. Young, 60 Fla. 382, 53 So. 939, 940, particularly Stevens v. Railroads, C.C., 4 F. 97; City of Detroit v. Detroit City Ry. Co., C.C., 55 F. 569 (per Judge Taft) and authorities cited therein.
When a suit in equity has proceeded to the stage where it is ready for trial and is contested, and an order of court is required the action should not be dismissed without notice of the application. The proceedings are adversary and the parties affected are entitled to notice. However, the appellant made no showing in the lower court as to how his rights have been prejudiced by the want of notice; neither has he made such showing before this Court. No harmful error is shown in dismissing “without prejudice.”