# DECISIONS

OF THE

# Supreme Court of Florida

## JUNE TERM, A. D. 1918

MARGARET O'GARA, *Appellant, v.* SIMEON S. HANCOCK AND
GRANT U. CONANT, *Appellees.*

Opinion filed June 11, 1918.

1. Large discretion is allowed the Chancellor in the matter
   of extending time for the taking of testimony in an equity
   suit, and the action of the Chancellor in granting an exten-
   sion of time will not be disturbed unless an abuse of dis-
   cretion is plainly made to appear.

2. Where the Chancellor considers that an extension of time
   for taking testimony will better enable him to decide a
   cause justly, it is not an abuse of his discretion to order
   such extension and this Court will not disturb his order.

3. The rules of practice are for the purpose of aiding in the
   speedy determination of causes; Courts are established for
   the higher purpose of administering justice. Where the
   strict enforcement of the letter of the rules of practice
   tends, in the opionion of the trial judge, to prevent or jeop-
   ardise the latter, the rules should yield to the higher
   purpose.

Appeal from Circuit Court for Polk County, F. A.
Whitney, Judge.

Order offirmed.

*Eppes Tucker Sr.,* for Appellant;

No appearance for Appellees.

BROWNE, C. J.—This is an appeal from an order of the Chancellor extending the time for taking testimony.

There was some delay in presenting the evidence in this case and the time for taking testimony was extended one or more times by consent.

The order appealed from is as follows: "This cause came on originally December 11, 1916, on motion to be allowed to take further testimony. The Court could not at that time hear same on account of their being engaged in trying a case. The files were then taken by counsel and briefs are just now sent me. It seems proper to recite above that delay be not chargeable to defendants. I have now carefully examined record and motion and briefs thereon and while there is much that can be said for and against a motion of this kind, by counsel on either side, yet a Court is always reluctant in refusing such a motion in a case of conflict of evidence as it wants all material evidence that can be produced and dislikes to have to decide a case as long as there may be further evidence that may throw light.

"It is therefore ordered that the Master set a reasonable time to take the further evidence, if any of either party. and report."

Rule 71 of the Circuit Courts in Equity Actions provides that three months and no more shall be allowed for the taking of testimony after a cause is at issue "unless the Judge shall upon special cause shown by either party enlarge the time." Large discretion is al-

lowed the Chancellor in the matter of extending time for the taking of testimony in an equity suit and this Court has laid down the rule that the action of the Chancellor in this respect will not be disturbed unless an abuse of discretion is plainly made to appear. Magbee v. Kennedy, 26 Fla. 158, 7 South. Rep. 529; McMillan v. Warren, 59 Fla. 578, 52 South. Rep. 825; Thompson v. Thompson, decided at the January, 1918, term of this Court.

While the speedy determination of civil causes is to be desired, still it is more imperative that they be decided justly, and where the Chancellor considers that it will better enable him to do this if additional time be granted to produce the testimony, his order ought not to be reversed.

The rules of practice are for the purpose of aiding in the speedy determination of causes; Courts are established for the higher purpose of administration of justice. Where the strict enforcement of the letter of the rules of practice tends, in the opinion of the trial judge, to prevent or jeopardize the latter, the rules should yield to the higher purpose. For this reason the trial judge is given much discretion in the matter of extending time for taking testimony, and unless he has clearly *abused* this discretion his order should not be reversed. We do not think there was an abuse of discretion by the Chancellor; and the order appealed from is affirmed.

WHITFIELD AND WEST, J. J., concur.

TAYLOR AND ELLIS, J. J., dissent.