Ellis, J.
 

 This is an appeal from an order of the chancellor on final hearing upon the bill, answers of the defendants and the report of the testimony by the master and his findings thereon setting aside the findings of the master but allowing his report of the evidence to stand, denying the application of complainant for a final decree in her behalf, dismissing the bill of complaint as to one defendant, striking the answer of another from the files, requiring the complainant to file an amended bill setting forth more clearly the transaction between the parties out of which the litigation arose and remanding the cause to rules for further proceedings in accordance with the order.
 

 The order is interpreted as one denying a final decree in complainant’s behalf, but such interpretation is not correct. It was not a final denial'of the relief sought by the complainant ; the bill was not dismissed; relief was not denied. The Chancellor upon examination of the pleadings and the evidence as reported concluded that as the transaction which afforded the cause of the litigation was in fact subsidiary tc and in whole or in great part dependent upon another transaction out of which the litigation grew, the court merely desired to be more fully informed of all the details of the original and subsidiary transactions before proceeding to administer the relief sought and to that end remanded the cause to rules for such proceedings as would fully advise him.
 

 In that order the chancellor acted in the exercise of a reasonable discretion which he was empowered to do. See O’Gara v. Hancock, 76 Fla. 1, 79 So. R. 167.
 

 
 *1584
 
 In that case there was delay in presenting the evidence and the time for taking testimony was extended one or more times. The order stated that the delay in taking the testimony was not chargeable to the defendants. The court after considering the record and the briefs of counsel and noting the conflict in the evidence nevertheless ordered the master to set a reasonable time for the taking of testimony that might be offered by either party. Rule 71 of the Circuit Court in Equity Actions prescribing a definite time in which to take testimony, unless the Judge should on special cause shown by either party enlarge the time, was not observed, yet the chancellor made an order upon the ground that the court was reluctant to proceed so long as there “may be further evidence that may throw light” upon the case. This Court, by a majority decision, affirmed the chancellor’s order saying through Mr. Chief Justice Brown that it is imperative to decide a cause justly and “where the Chancellor considers that it will better enable him to do this if additional time be granted to produce the testimony, his order ought not to be reversed.”
 

 The action of the Chancellor was practically upon his own volition. The application for further time to take testimony was not made within the terms of the rule. The cause was submitted on the pleadings, the evidence and briefs of counsel and when the chancellor considered the record he deemed it necessary in the cause of justice to have more evidence before him that he might have more “light”, as he expressed it, to enable him to proceed a,s his duty required.
 

 This Court approved that order. The writer and Mr. Justice Taylor dissented, deeming that the parties in all litigation should be diligent in presenting their causes and should abide the results as their cases were developed under and within the terms of the. rules. So the point was considered that the action of the chancellor was practically
 
 *1585
 
 upon Ms own initiative, he was not constrained to do it by any compliance by the applicant for further time with the terms of the rule. The chancellor, as in the' instant case, after considering the record deemed it necessary to the cause of justice that he should have further information and ordered it to be produced. That action was held to be within his discretion and that the exercise of it should not be disturbed unless it appeared to be clearly abused.
 

 The two eases are analogous in the essential elements and we deem this one to be controlled by the doctrine announced in the other.
 

 It is unnecessary to discuss the pleadings and the testimony in the cause further than to say that the bill is one to enforce a mortgage and the answer of C. R. Morgan undertakes to set up fraud in the transaction which culminated in the execution of the mortgage by him and his wife. It avers a failure of consideration and there is evidence enough in the record to justify the chancellor in requiring a more complete presentation of the case in the pleadings and other proceedings to the end that he may be fully advised of all the facts before he undertakes by his decree to settle the equities between the parties.
 

 The order appealed from is therefore affirmed.
 

 Terrell, C. J., and Brown, J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.