E. B. ELLIOTT COMPANY, *et al.,* v. MARY R. ELLIOTT, a single woman.

188 So. 89.
En Banc.
Opinion Filed April 14, 1939.
Rehearing Denied April 28, 1939.

457

*Pine & Giblin,* for Appellants;

*Carson & Petteway* and *J. M. Flowers,* for Appellee.

TERRELL, C. J.—This is our second consideration of this case. See Elliott v. E. B. Elliott Co., *et al.,* 127 Fla. 158, 172 So. 686. The transcript in the latter appeal is made part of the record in the instant appeal which is from a decree enlarging the time for taking testimony and denying a motion for final decree on the pleadings.

Was the Chancellor guilty of an abuse of discretion in so decreeing? This is the sole question with which we are concerned here.

Equity Rule 71 which was incorporated in Section 46 of the 1931 Chancery Act provides that three months and no more, shall be allowed for the taking of testimony after issue made unless the judge shall, upon special cause shown by either party, enlarge the time.

We have repeatedly held that the matter of enlarging the time for taking testimony in a chancery case is for the Chancellor to determine and ordinarily his discretion will not be disturbed. His ruling however, is reviewable by this Court and where it is clearly made to appear that he has committed an abuse of discretion, such ruling will be corrected.

The motion to enlarge the time for taking testimony was filed approximately six months after the cause was at issue and three months after the time for taking testimony had expired. It was unverified and unsupported except to allege that the special master appointed to take the testimony was without the State for a long period of time and that material witnesses were away on their vacation for a period of time during which the testimony should have been taken. It is not suggested how long the master and the witnesses were out of the State or whether their absence was unavoidable.

In granting "three months and no more" for the taking of testimony after the cause is at issue counsel and litigants are on notice that all evidence must be in within that time unless clear and ample reason is submitted to the Chancellor and an enlargement of the time secured.

If the motion to enlarge the time in this case is to be accepted, coming as it does three months after the time fixed has expired, then there is no limit to the pretexts one may come in Court with and secure an enlargement of the time for taking testimony. The rule should be construed to require dispatch and promptness in the taking of testimony and any motion to enlarge the time must show good and unavoidable reason for not taking the testimony within the time fixed by the rule. Otherwise it will serve no useful purpose.

The motion for enlargement falls far short of this test so the judgment of the Chancellor on this point is reversed. Demos v. Walker, 99 Fla. 302, 126 So. 305; Hancock v. Hancock, 128 Fla. 684, 175 So. 734; Lykes v. Beauchamp, 49 Fla. 333, 38 So. 603; Magbee v. Kennedy, 26 Fla. 158, 7 So. 529. In the absence of good cause shown, final decree on the pleadings should be granted.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating as case was presented before he became a member of the Court.