OLIVER H. GIDDENS, Petitioner, v. CATHARINE SAUNDERS GIDDENS, Respondent.

1 So. (2nd) 163
En Banc
Opinion Filed March 20, 1941
Rehearing Denied April 7, 1941

*M. S. McGregor,* for Petitioner;

*C. Winston Smith,* for Respondent.

BUFORD, J.—This case is before us on petition for certiorari under Rule 34 to review an order of the circuit court which was entered some six months after the cause was at issue and about three months after the time for taking testimony had expired under Section 46 of the 1931 Chancery Practice Act, which order charged and extended the time for taking testimony in the cause.

. The motion for enlargement of time was as follows:

"Comes now the plaintiff Catherine Saunders Giddens, by her undersigned solicitor and respectfully moves the Court to enter an order extending the time for taking testimony in this cause to March 31, 1941, and as grounds for said motion says that she has had no funds with which to defray the expenses of the prosecution of this suit by reason of the failure of the defendant herein to comply with the orders of this Court requiring the said defendant to provide sums for her maintenance."

The motion was not verified under oath, nor did it have supporting affidavits. It appears, however, that the grounds stated in the motion brought to the attention of the Court matters and conditions apparent in the record and within the judicial knowledge of the Court.

The record shows that in a suit instituted by the wife

against her husband for separate maintenance and suit money the Court on the 3rd day of August, 1940, on the bill of complaint and report of a special master theretofore appointed, made an order which provided, *inter alia,* the following:

"Ordered, Adjudged and Decreed—That the defendant, Oliver H. Giddens, pay into the registry of this court at DeLand, Volusia County, Florida, the sum of thirty dollars, to the use of the plaintiff, Catharine Saunders Giddens, as and for temporary suit money to be used by the plaintiff in and about the prosecution of this suit.

"It Is Further Ordered, Adjudged and Decreed, That the defendant, Oliver H. Giddens, pay into the registry of this court at DeLand, Volusia County, Florida, the sum of fifty dollars, to the use of the plaintiff, Catharine Saunders Giddens, as and for compensation of the plaintiff's counsel for the services by him thus far performed in her behalf.

"It Is Further Ordered, Adjudged and Decreed, That the defendant, Oliver H. Giddens, pay into the registry of this court at DeLand, Volusia County, Florida, to the use of the plaintiff, Catharine Saunders Giddens, as and for temporary alimony during the pendency of this suit, the sum of twelve and 50/100 Dollars each week, beginning or being effective from the 15th day of July, A. D. 1940."

On August 12 plaintiff presented her petition, which was filed August 16, for rule to show cause against the defendant for failure to comply with that order. On August 16, 1940, on hearing had, the court made an order containing the following:

"It Is Ordered, Adjudged and Decreed That the said Oliver H. Giddens be and he is hereby found and adjudged to be in contempt of this court for his failure to comply with the terms of the order of this court made and entered July 22, 1940, and recorded in Chancery Order Book 82 at page

491 thereof and that it is the judgment and sentence of this court that the said Oliver H. Giddens be taken into custody by the Sheriff of Volusia County, Florida, and by said sheriff confined and held in the common jail of Volusia County, Florida, until he has complied with the aforesaid order of this court, or until further order of this court, for which let commitment issue."

On October 4, 1940, the court made an order adjudging the cause to be at issue and that the time had passed for further pleadings and therein

"Ordered, Adjudged and Decreed that Gail S. Lynch be and she is hereby appointed special examiner of this court herein and she, as such special examiner is hereby authorized and directed to take the testimony and evidence presented by the respective parties hereto and to report the same to the court with all convenient speed."

On September 30, 1940, plaintiff again presented a petition for the issuance of a rule to show cause why the order of the court in regard to temporary alimony had not been complied with. This petition was thereafter on October 4 filed.

While no order on this petition appears in the transcript, it does appear from a subsequent petition filed on March 7, 1941, that on August 16, 1940, the court entered an order holding the defendant in contempt of court and committing him to the common jail of Volusia County until he paid the amount due plaintiff under the former order of court and that he purged himself of such contempt by making the payment about August 20.

In the last mentioned petition it is allowed that no sums had been paid under the order of the court after November, 1940, and alleged that there was then due plaintiff under former order of the court the sum of $275.00 and prayed

that rule to show cause be issued against the defendant for failure to pay to the plaintiff such sums of money.

Thus, it appears that the court had adjudicated the plaintiff's necessities and the defendant's ability to pay and that the defendant, regardless of the orders of the court had failed to pay to plaintiff the sums which the court had adjudged he should pay.

Under this state of facts, we think that the court did not abuse its discretion in extending the time for the taking of testimony. We must also bear in mind that the taking of testimony is essential to the adjudication of a divorce suit in favor of the plaintiff. A divorce suit is not among those sorts of suits in which the plaintiff can have relief on bill and answer, but the plaintiff must show by good and sufficient testimony that the court has jurisdiction of the parties and of the subject matter and that the grounds of divorce exist.

The same rule must be applied to suits for separate maintenance and suit money. While it was the plaintiff's duty to proceed to take testimony within the time prescribed by statute, *supra,* it appears to us that it would be inequitable and unjust to require her to proceed with the taking of testimony when the defendant has failed to comply with orders of the court requiring him to pay temporary alimony or money for the maintenance of the plaintiff. He should not be allowed to withhold from her the means with which to carry on her litigation and at the same time take advantage of the fact that she has not proceeded diligently in that regard.

In the case of Demos v. Walker, *et al.,* 99 Fla. 302, 126 So. 305, we held:

"In granting or refusing an application for extension of time in which to take testimony in equity cases, whether made before or after the expiration of the three-months period provided for in Rule 71 of equity practice, the chan-

cellor exercises a discretion which will not be disturbed by the appellate court except in a clear case of mistake or hardship, or unless an abuse of discretion is plainly made to appear."

"While the speedy determination of civil causes is to be desired, still it is more imperative that they be decided justly, and where the chancellor considers that it will better enable him to do this if additional time be granted to take the testimony, his order extending time ought not to be reversed."

In that case we had under consideration Equity Rule No. 71.

In the case of Hancock v. Hancock, 128 Fla. 684, 175 Sou. 724, which was decided in 1937, we considered both Equity Rule 71 and Section 46 of the 1931 Chancery Practice Act and there we held:

"Where there has been a failure to take testimony within time allowed by equity rule and by statute and laches in applying for enlargement of time to take it, the enlargement should not be granted except on strong showing of disqualification or positive hindrance to act, or of excuse in the indulgence or assent of the other side."

In the case of E. B. Elliott Company, et al., v. Mary R. Elliott, 137 Fla. 456, 188 So. 89, we considered the application of Section 46 of the 1931 Chancery Practice Act and held:

"Where motion to enlarge time for taking testimony in chancery case was filed approximately six months after cause was at issue and three months after time for taking testimony had expired and was unverified and unsupported except by allegation that special master was without state for long period of time and that material witnesses were away on their vacation for period of time during which testimony should have been taken, decree enlarging time for taking testimony was erroneous."

It will be noted that in none of these late cases did we hold that the application for an order enlarging the time to take testimony must be made before the time allowed by rule or statute had expired. The implication is that we did not consider the contention that the order enlarging the time for taking testimony must be made before the time fixed by statute or rule shall have expired. As Rule 71, *supra,* has been superseded by the statute, it is only necessary for us to consider the application of the statute and our construction is that an order may be made within the sound judicial discretion of the chancellor either before or after the statutory period has expired. Whether the application is made before or after the expiration of the statutory period, there must be good cause shown for the non-compliance with the statute.

In the instant case it appears to us that the discretion of the chancellor to enlarge the time for taking the testimony was exercised affirmatively without abuse because it reasonably appeared to the chancellor that the delay was chargeable largely to the conduct of the defendant in failing and refusing to comply with the order of court regarding separate maintenance for the plaintiff. .

There is no merit in the apparent contention that when the time expired for the taking of testimony under the statute, the order of court requiring the payment of temporary maintenance *pendente lite* was no longer in force and effect. The order requiring such payments to be made remains in full force and effect until modified, changed or amended by order of court.

For the reasons stated, the certiorari is awarded and the challenged order of the circuit court is affirmed.

So ordered.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.