PER CURIAM.
This is • a petition for writ of certiorari to review the order of the Chancellor, reading as follows:
“This cause came on to be heard upon the motion to extend the time for taking testimony, and after argument of counsel, it is
“Ordered, adjudged and decreed that the time is hereby extended for the defendant to take such additional testimony as may be desired for a period of fifteen days from the date of this order.”
The order was based upon the following motion :
“Comes now the Defendant,- Ethel M. Hewett, by her undersigned attorney, and respectfully moves the Court to extend the time for taking testimony herein to March'24, 1953.”
*52 It will be observed that the motion assigns no cause of any kind as a reason why it should be granted, and there is no intimation in the order above quoted that it was granted “upon good cause shown by either party.” .
The record shows that after the 1 answer was filed the cause was referred to a special master on November 26, 1952, and that the time for taking testimony expired on January 14, 1953. The testimony and proceedings before the master were taken on December 10, 1952, At this hearing the plaintiff' completed his testimony and the' hearing was' “ended until further notice.” No further notice was given. The time for taking testimony expired on January 14, 1953, and ■ thereafter the above quoted motion for extension of time was made and the above quoted order entered.
The motion was made and the order entered after the expiration of the time for the taking of testimony.
31 F.S.A. Equity Rule 32(b) provides as follows:
“When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the_ period orig-’ inally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by -law, extend the time for taking an appeal.” [Emphasis supplied.]
Equity Rule 46 provides as follows :•
“When any chancery cause shall be at issue and shall not have been set for trial before the court, the court of its own motion or upon application of either party after due notice to the opposite party, shall enter an order fixing the time within which the testimony of the parties shall be taken. After the entry of such an order, the court may, upon good cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. All such orders shall be entered by the clerk in the Chancery Order Book. In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the taking of testimony in any causej unless the case has been set for trial before the court. The time for taking testimony may be extended by special order of the court in its discretion or by written stipulation of the parties filed in the cause, or by oral stipulation evidenced by the record.
“The foregoing limitation of the time for taking testimony shall not apply to - a cause proceeding ex parte consequent upon the entry of a decree pro confesson, or to a party against whom a decree pro confesso shall have been entered, but in such cases testimony may be taken at any time.” [Emphasis supplied.]
The record fails to show any suggestion that the failure to act or to take the testimony within the time was the result of excusable neglect. No cause of any kind was set forth in the motion as a reason for the granting of further time to take testimony.
Many cases are cited by the respondent to the effect that enlarging the time for taking testimony for a good cause shown is for the Chancellor to determine and unless it is clearly, made to appear that he has committed an abuse of discretion, his ruling will not be disturbed. The trouble in this case is that no cause was shown and unless a cause is shown, there is nothing upon which the Chancellor may base his discretion. In the case of E. B. Elliott Co. v. Elliott, 137 Fla. 456, 188 So. 89, 90, in an opinion by Mr. Justice Terrell, it. was held that any motion to enlarge the time should “show good and unavoidable reason for not taking the testimony within the time fixed by the rule. *53 Otherwise it will serve no useful purpose.”
The motion in this case set forth no facts or reason as a basis for the exercise of a discretion by the' Chancellor and it was, therefore, error to make- the order extending the time for taking testimony.
Petition for certiorari be and the same is hereby granted and the order complained of be, and the same is hereby, quashed.
ROBERTS, C. J., and TERRELL, THOMAS, MATHEWS and DREW, JJ., and PATTERSON, Associate Justice, concur.
SEBRING, J., dissents.