CARROLL, CHAS., Chief Judge.
This is an appeal from a final decree for defendants, entered after hearing on the bill and the answers in an equity suit in which time for taking testimony had expired.
*150 The appellant-plaintiff filed a suit in equity in the Dade County Circuit Court, on February 4, 1955, to avoid a transaction for purchase of equipment, to accomplish the return by it of the portion received, and to recover certain advance payments. Defendants filed motions to dismiss, and when they came on for argument, the chancellor made orders reserving ruling thereon until final hearing, saying, “the determination of the legal questions presented by the motions are deferred until the trial of the suit, and the defendants are required to serve and file their answers to such complaint within ten days from this date.”
The defendants answered, and the defendant who admitted to dealing with plaintiff counterclaimed for damages for plaintiff’s refusal to accept the equipment. Plaintiff’s answer to the counterclaim was filed April 26, 1955.
Almost a year later, on April 6, 1956, plaintiff moved the court to set the cause for final hearing. Shortly thereafter, on April 18, 1956, plaintiff moved to amend to add new facts and parties. Defendant Chrysler Airtemp Sales Corporation filed objections to the motion to amend, and moved the court to set the cause down for final hearing on the pleadings on the ground that the cause had not been set for trial before the court, that the time for taking testimony had not been fixed or extended by the court, and that the allotted time for presenting proofs had elapsed without any testimony having been taken. The other defendants joined in the motion for final hearing on bill and answers.
Plaintiff then, on April 24, 1956, filed motions to prevent such a hearing, and to open the case for testimony. These were a “Motion in Opposition to the Motion to Enter a Decree on the Pleadings”, a motion to extend time for taking testimony, a renewal of the motion to amend, and a motion to strike all defensive pleadings.
The court proceeded to hear the cause on bill and answer, denying the other motions, and on finding “that the time for taking testimony in this cause has expired, and the plaintiff has not taken any testimony, nor has it shown any valid excuse or cause for not having taken any testimony, and it further appearing to the court that the plaintiff has not sustained the burden of proof * * * ”, the court then dismissed the complaint with prejudice.
The counterclaim also was dismissed, but no review of that is involved.
The action of the trial court in disallowing testimony, and disposing of the case on the merits on a final hearing on the bill and the answers, was within the sound discretion of the court, and no abuse of discretion was shown. The material allegations of the complaint were met and sealed off by denials in the answers, entitling the-defendants to a decree in their favor. Hancock v. Hancock, 128 Fla. 684, 175 So. 734; E. B. Elliott Co. v. Elliott, 137 Fla. 456, 188 50. 89; Strong v. Clay, Fla.1951, 54 So.2d 193; Hewett v. Hewett, Fla.1953, 65 So.2d 51. Cf. City of Miami v. Miami Transit Co., Fla.App. 1957, 96 So.2d 799.
The foregoing disposes of the questions raised by appellant under its assignments of error, except the claim that the cause never was at issue.
It is urged by appellant that because the-court failed to rule on the motions to dismiss and deferred ruling thereon until trial, the cause was prevented from coming to-issue. For support, appellant refers to the provision of Rule 3.8 of 1954 Florida Rules, of Civil Procedure, 31 F.S.A., that where-there is a motion to dismiss, the cause will-not be considered at issue until the court rules on the motion. The wording of rule. 3.8 is as follows:
“If at the expiration of 20 days from the service of the answer no counterclaim has been filed or, if counterclaim has been filed, then at the expiration of 20 days from the service of the reply thereto, the cause shall be deemed at-issue. If, however, within such period *151 of 20 days a motion permitted by these rules is served, the cause shall not be deemed at issue until the points of law so presented shall be ruled upon by the court.”
Rule 1.11(d), Rules of Civil Procedure, 30 F.S.A., furnishes authority to defer ruling on such motions to dismiss until final hearing, by providing that motions to dismiss, on the grounds allowed to be asserted by paragraph (b) of the rule, “shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof shall be deferred until the trial.”
Rule 3.13, Rules of Civil Procedure, 31 F.S.A., deals with fixing and limiting the time for taking testimony where a cause is not set for trial by the court. It permits the time to be fixed and regulated by order of court, but where that is not done, the rule imposes a two-month limit for taking testimony. The rule is here quoted in full, as follows:
“When any chancery cause shall be at issue and shall not have been set for trial before the court, the court of its own motion or upon application of either party after due notice to the opposite party, shall enter an order fixing the time within which the testimony of the parties shall be taken. After the entry of such an order, the eourt may, upon good cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the taking of testimony in any cause, unless the case has been set for trial before the court. The time for taking testimony may be extended by special order of the court in its discretion or by written stipulation of the parties filed in the cause, or by oral stipulation evidenced by the record. The foregoing limitation of the time for taking testimony shall not apply to a cause proceeding ex parte consequent upon the entry of a decree pro confesso, or to a party against whom a decree pro con-fesso shall have been entered, but in such cases testimony may be taken any time.” Rule 3.13 Rules of Civil Procedure, 31 F.S.A.
On reading those rules together it is clear that the provision in rule 3.8 to the effect that a suit will not be deemed at issue until a pending motion to dismiss is ruled upon by the court, has reference to instances where answer has not been served and the ruling on the motion is to precede the requirement to answer. But that provision does not operate where the court avails itself of the procedure furnished by rule 1.11(d) of postponing ruling on the motion to dismiss until the final hearing or trial. This is so, because it is the practice, where ruling is reserved until trial on a motion to dismiss, for the court to fix the time for answer and to require answer to be served and filed. When answer is served, or in the case of a counterclaim where reply thereto is served, then after a further lapse of twenty days the equity suit becomes at issue, by force of an express provision of rule 3.8. Then rule 3.13 operates, limiting the time for taking testimony.
Here the answers were served and filed in March of 1955, and the plaintiff’s reply to the counterclaim was served and filed April 26, 1955. According to the applicable rules, the cause was at issue on May 16, 1955, twenty days after reply to counterclaim.
The final decree appealed from should be and hereby is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.