PEARSON, Judge.
This appeal is from an order of the trial court denying a motion that the cause be heard on bill and answer and granting a motion'for enlargement of time to take testimony. The order was entered upon motion made seven days after the time for taking testimony had expired under Rule 3.8 of 1954 Florida Rules of Civil Procedure, 31 F.S.A. The question presented is whether there was a clear abuse of discretion on the part of the Circuit Judge. The appellee having presented the trial judge with a motion setting forth substantial grounds for the extension, and the appellant having failed to demonstrate that the order was an abuse of the discretion vested in the trial judge upon the motion, the order is affirmed.
This Court has already had occasion to discuss the provisions of the particular rule of civil procedure concerned here. See Tropicaire Engineering Service Corp. v. Chrysler Airtemp Sales Corp., Fla.App. 1957, 97 So.2d 149. It should be sufficient to point out that the opinion mentioned clearly recognizes that the action of a trial court on a motion for decree upon bill and answer is within the sound discretion of the Chancellor. This discretion is limited by the holding in E. B. Elliott Co. v. Elliott, 137 Fla. 456, 188 So. 89, that the time for taking testimony should not be extended, after the expiration of the time allowed by the rules, unless clear and ample reason is submitted to the Chancellor. See also Muller v. Maxcy, Fla.1954, 74 So.2d 879.
It is apparent that under the law of procedure on motions for decree upon bill and answer as it has been set forth in this state, a defendant who moves for such a decree after the expiration of the time for taking testimony obtains a valuable procedural advantage which can not lightly be set aside. However, all rules of procedure must be used as tools for obtaining the just as well as the speedy determination of causes. O’Gara v. Hancock, 76 Fla. 1, 79 So. 167; Giddens v. Giddens, 146 Fla. 395, 1 So.2d 163, 165. The Chancellor then is in the best position to determine the value of the respective factors involved and his exercise of discretion will not be disturbed by the appellate court except in a clear case of mistake or hardship or unless an abuse of *643 discretion is plainly made to appear. Demos v. Walker, 99 Fla. 302, 126 So. 305; O’Gara v. Hancock, 76 Fla. 1, 79 So. 167; Robins v. Jones, 101 Fla. 1086, 132 So. 840.
The appellant having failed to demonstrate from the record a clear abuse of discretion by the Chancellor, the order appealed from is affirmed.
Affirmed,
CARROLL, CHAS., C. J., and HORTON, J., concur.