PEARSON, Judge.
This is the second appearance of this cause in this Court. Upon the first appearance we affirmed an order of the trial court denying a motion that the cause be heard on bill and answer and granting a motion for enlargement of time to taire testimony. Glassman v. Deauville Enterprises, Fla. App.1958, 99 So.2d 641, 642.
It is advisable for the sake of clarity to review the procedural steps in this case from the time it came to issue. The cause in equity had reached issue on July 19, 1957. Seven days after the time for taking testimony had expired, the trial court denied appellant’s first motion that cause be heard on bill and answer and granted a sixty day extension of time for the taking of testimony. Appellee’s motion for an extension of time had been filed subsequent to the motion for hearing on bill and answer. This Court sustained the discretion of the trial court to make the order extending time, as above noted. After the expiration of the sixty days granted, no testimony ■ having been taken, and no motion for an extension of time to take testimony having been made, the appellant filed his second . motion that the cause be heard on bill and answer. Appellant’s second motion was denied and the court by order extended *433 the time for taking testimony for an additional thirty days. After the expiration of the thirty day extension granted, no testimony having been taken and no motion for an extension of time having been made by the appellee, appellant filed his third motion that cause be heard on bill and answer. The trial court denied said motion and set the cause for final hearing more than thirty days later. The order denying appellant-defendant’s third motion for a hearing on bill and answer is the subject of this appeal.
We adhere to the principle which was the basis of our holding on the first appeal: “The Chancellor then is in the best position to determine the value of the respective factors involved and his exercise of discretion will 'not be disturbed by the appellate court except in a clear case of mistake or hardship or unless an abuse of discretion is plainly made to appear.” However, as is stated in the former opinion, the discretion of the chancellor upon the motion is not unlimited, and a defendant who moves for such a decree after the expiration of the time for taking testimony obtains a valuable procedural advantage which cannot lightly be set aside.
It affirmatively appears from the record before us that the chancellor was not presented, at the time of the hearing on appellant’s third motion for decree upon bill and answer, with a motion for an extension of the time for the taking of testimony, setting forth substantial grounds or showing good reason for the failure to take testimony. It is also worthy of note that the plaintiff has not moved, in any of the three instances when time was extended, until after the expiration of the time and after the defendant had moved for a decree. See, Muller v. Maxcy, Fla. 1954, 74 So.2d 879. The chancellor’s order of January 17, 1958 denying the motion of the defendant Martin L. Glassman that the cause be heard on bill and answer and granting plaintiff’s motion for a final hearing is reversed and the cause remand-ed for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON, J., concur.