PER CURIAM.
Appellee has moved to strike appellant’s brief and dismiss the appeal for failure to comply with Rule 3.7, Florida Appellate Rules, 31 F.S.A., governing the preparation of briefs.
The brief under attack is not prepared in accordance with the rule. Its margins repeatedly extend to less than one inch. It cites cases that are reported in both the official state reports and the reports of West Publishing Company without giving the book and page references to both reports. There is no topical index. It does not contain a clear and concise statement of the points involved on appeal. The brief is not divided into separate divisions for each appropriate point involved on the appeal, and no reference is made in each division to the applicable assignments of error. It does contain several lengthy propositions styled “Questions”, which the pleader undertakes to argue under separate divisions of the brief. However, the general make-up of the brief and the argument thereunder is f.o vague and indefinite that it would be quite difficult, if not impossible, for appellee to frame a simple reply to it. This court, being unfamiliar with the case, cannot readily determine therefrom what the appeal is all about.
We are not confronted with a failure to perform some act within the time limits contemplated by the rules, but rather with the efficiency or exactitude of what was unquestionably a bona fide attempt on the part of appellant’s counsel to comply with the ruie in question. In determining the action to be taken, we must look in each case to the effect of the violation upon the adverse party. In this instance we find that the violation complained of is not jurisdictional, that it does not involve a controlling provision of the statutes or constitution, and that up to now the appellee has suffered no material detriment. This is not to say that we condone appellant’s lax procedure in any respect, nor will we burden ourselves or the appellee with undue labor occasioned by it. It will be the policy of this court to insist, with more and more emphasis as time goes on, that the letter as well as the spirit of the rules be observed. It is by that insistence alone that the appellate process can be handled with dispatch and, we hope, with the care and consideration which the litigants and the public generally have the right to expect.
Errors of judgment on the part of a lawyer may be excusable by his client, but failure to observe rules of practice and procedure which he as a specialist holds himself out to know and is obliged to follow, can hardly be condoned by anyone, least of all by the client. While the rules governing the preparation of briefs on appeal may require tedious work on the part of the lawyer, their language is clear and observance is essential to the orderly functioning of the courts.
An order will be entered granting the motion to strike appellant’s brief and allowing a limited period in which to file a brief complying with the rules or suffer dismissal of the appeal.
STURGIS, C. J., and CARROLL, DONALD, and WIGGINTON, JJ., concur.