KANNER, Judge.
A motion of the defendants for decree on bill and answer was set down and heard by the chancellor, who denied the motion, declining to consider it on the merits but rather setting the cause down for the taking of testimony. The ruling thus entered has prompted this interlocutory appeal.
This is an equity suit to establish and enforce an alleged mechanic’s lien for surveying services, to which the defendants counterclaimed, alleging breach of contract by the plaintiff and seeking recovery of damages.
The case became at issue on March 13, 1959. During the sixty day period which followed, no testimony was taken by either party, nor was the cause set for trial. On June 16, 1959, ninety-three days after the cause became at issue, counsel for plaintiff wrote a letter to the trial judge requesting a date for the trial of the cause and suggesting that some convenient date be set in the early fall of 1959. A copy of this letter was mailed to the attorneys for the defendants. On June 18, two days later, the court by letter addressed to counsel for plaintiff, set September 16, 1959, for time- of hearing. Copy of this letter was not mailed to defendants’ counsel.
On June 19, 1959, defendants through their counsel filed motion for decree on bill and answer, setting forth that the time for taking testimony had expired, that no enlargement of time had been applied for, and that there was an absence of good cause for not taking testimony within the prescribed period. This motion was set for hearing before the court on July 30, 1959, due notice being given to plaintiff’s counsel. On that date counsel for both parties appeared. The court heard the matter and on August 17, 1959, entered the order appealed from, denying the motion and ordering that the cause be heard at the previously assigned time of September 16, 1959.
The denial of the motion by the court was not predicated on consideration of the merits of the motion for decree on bill and answer, but was founded on the doctrine of judicial discretion with respect to the equity rule regarding time for taking of testimony. The question then to be resolved is whether the chancellor, under the recited circumstances, in the exercise of sound judicial discretion, exceeded his power.
Adverting to Equity Rule 3.13, Rules of Civil Procedure, 31 F.S.A., which prescribes the limitation period within which testimony must be taken after the cause has arrived at issue, we observe that:
“When any chancery cause shall be at issue and shall not have been set for trial before the court, the court of its own motion or upon application of either party after due notice to the opposite party, shall enter an order fixing the time within which the testimony of the parties shall be taken. After the entry of such an order, the court may, upon good cause shown by *37 either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the taking of testimony in any cause, unless the case has been set for trial before the court. The time for taking testimony may be extended by special order of the court in its discretion or by written stipulation of the parties filed in the cause, or by oral stipulation evidenced by the record.”
As seen from the recital of the facts, the time allowed for the taking of testimony had expired and no order by the court had been entered extending the time, nor was the case set for trial before the court until sometime after expiration of the period, when a date was obtained for trial of the case.
The established practice under former Equity Rule 46 continues to prevail under Rule 3.13, 1954 Rules of Civil Procedure, supplanting it, so that when the period allowed for the taking of testimony has expired, either party to the cause has the right to move or set down an equity cause for final hearing on a bill and answer and thus bring the cause to a conclusion. The party moving acquires a substantial right of which he should not be deprived except upon clear grounds of equity and right. The hearing provided for under Rule 3.13 has been denominated as “one by which the moving party seeks a final hearing and decree on the merits.” Nystrom v. Nystrom, Fla.App.1958, 105 So.2d 605, 608; City of Miami v. Miami Transit Company, Fla.App.1957, 96 So.2d 799, and Muller v. Maxcy, Fla.1954, 74 So.2d 879.
We recognize that a chancellor is vested with a large discretionary power in ruling on a motion for decree on final hearing on bill and answer, for the reason he is in the best position to determine the value of the various factors involved. However, this is not an unbridled discretion. Rules of procedure must be utilized as a tool for obtaining a just as well as a speedy determination of a cause. Glassman v. Deauville Enterprises, Fla.App.1958, 99 So.2d 641.
At no time did the plaintiff, either before or subsequent to the expiration period, file an application seeking an enlargement of the time, nor had the case been set for trial during the two month period provided under the rule. It is apparent that the plaintiff, at the hearing on the motion for decree on bill and answer, urged that the court in the exercise of its discretion should set the case down for the taking of testimony. The record is devoid of any showing of good cause on the part of the plaintiff for the extension of time. See the case of Hewett v. Hewett, Fla.1953, 65 So.2d 51. The court predicated his ruling upon the factual situation heretofore delineated as an adequate basis to sustain exercise of his discretionary authority. The record reveals nothing to indicate that the defendants contributed in any manner to plaintiff’s failure to comply with the rule, nor does there appear to have been any fault on the part of the defendants to create the delay. Recognizing the large discretion reposed in the chancellor, we are nevertheless constrained to the conclusion, upon consideration of all the factors present in the instant case, that the chancellor exceeded the proper bounds of his authority. He should have considered the motion for decree on bill and answer on its merits under the applicable principles of law.
The cause is therefore reversed for further proceedings not inconsistent with this opinion.
Reversed.
ALLEN, C. J., and SHANNON, J., concur.