### McLEOD, et al v. MERSHON, Administrator.

No. 61 C 6131.

Circuit Court, Dade County.

December 1, 1961.

Watson & Watson, Miami, for plaintiffs.

Mershon, Sawyer, Johnston, Simmons & Dunwody, for defendant administrator of estate of T. A. Whiteside, deceased.

PHILLIP GOLDMAN, Circuit Judge.

This cause came on to be heard upon the defendant's motion for decree on bill and answer, served and filed herein October 11, 1961, the plaintiffs' motion for extension of time for taking testimony and motion to strike defendant's motion for decree on bill and answer, served and filed herein October 30, 1961.

The court having heard argument, examined the record and briefs submitted on request, and being fully advised in the premises, finds—that this cause has not been set for trial by the court; that the court has not entered an order fixing the time within which the testimony of the parties shall be taken; that the time for taking testimony has expired; and that good cause (as delineated in the cases hereinafter cited) was not timely shown for extending the time for taking testimony.

The court further finds that the plaintiffs have not taken any testimony in this cause, and therefore necessarily have failed to sustain the material allegations of their complaint which were denied by the answer.

Hence, on the authority of City of Miami v. Miami Transit Company (Fla. App. 3d), 96 So. 2d 799; Nystrom v. Nystrom (Fla. App. 2d), 105 So. 2d 605; Needle v. A. F. Kissinger & Associates, Inc. (Fla. App. 2d), 118 So. 2d 35; Muller v. Maxcy, Fla., 74 So. 2d 879; E. B. Elliott Co. v. Elliott, 137 Fla. 456, 188 So. 89; and Axtell v. Lyons (Fla. App. 1st), 105 So. 2d 610, 611, it is ordered and decreed—

That the plaintiffs' motion for extension of time for taking testimony and motion to strike defendant's motion for decree on bill and answer, be and each of them are hereby denied.

That the defendant's motion for decree on bill and answer be and the same is hereby granted; that the defendant go hence without day, and that the complaint herein be and the same is hereby dismissed with prejudice.