CARROLL, DONALD K„ Chief Judge.
The defendants in a mortgage foreclosure suit have taken this interlocutory appeal from an order entered by the Circuit Court for Duval County granting to the plaintiff an extension of time within which to take testimony.
The determination of the question presented on this appeal requires a construction and application of a former equity rule designated as Rule 3.13, Florida Rules of Civil Procedure, 31 Florida Statutes Annotated, pages 211, 212, reading as follows:
“RULE 3.13 TIME FOR TAKING TESTIMONY
“When any chancery cause shall be at issue and shall not have been set for trial before the court, the court of its own motion or upon application of either party after due notice to the opposite party, shall enter an order fixing the time within which the testimony of the parties shall be taken. After the entry of such an order, the court may, upon good cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. In the absence of any order by the court extending or limiting the time otherwise, two months from the time a cause is at issue and no longer shall be allowed for the taking of testimony in any cause, unless the case has been set for trial before the court. The time for taking testimony may be extended by special order of the court in its discretion or by written stipulation of the parties filed in the cause, or by oral stipulation evidenced by the record.
“The foregoing limitation of the time for taking testimony shall not apply to a cause proceeding ex parte consequent upon the entry of a decree pro con-fesso, or to a party against whom a decree pro confesso shall have been entered, but in such cases testimony may be taken any time.”
This rule was abolished by an order of the Supreme Court of Florida on June 30, 1961, but only as to actions commenced on or after October 1, 1961. The present suit was commenced on March 9, 1959, so the quoted rule is applicable thereto. The cause became “at issue” on February 22, 1962. No testimony having been taken as of September 27, 1962, the defendants served upon the plaintiff a notice setting down the final hearing on the pleadings on October 11, 1962. On October 5th the plaintiff filed a motion for extension of time for taking testimony. On October 12th the Circuit Court entered the order appealed from herein denying the defendants’ application for a final decree on bill and answer and granting the plaintiff’s motion, extending the time for taking of testimony to 30 days from the date of the order. The court held therein that “sufficient cause has been shown to the Court excusing the delay in taking testimony, and that the Court, in the exercise of its sound judicial discretion, should permit the taking of testimony in this cause on the merits.”
Succinctly stated, the grounds set forth by the plaintiff in its motion for extension were that for a long time prior to February 22, 1962, and during the two months thereafter, the attorneys for the plaintiff and the defendants were carrying on settlement negotiations; that counsel for the plaintiff had not deliberately delayed the taking of testimony but relied upon the spirit of compromise manifested by the parties in the negotiations; that the cause involved substantial issues of fraud, and the justice of the cause requires that proof of said matters be submitted to the court before they can be allowed to stand; that the defendants had failed timely to file several pleadings as ordered by the court, but the plaintiff did not take advantage of the default *260 "because of the pending negotiations for compromise. * * * ”
The above grounds, in our opinion, are not so strong as to require a court as a matter of law to grant the extension sought, but we cannot say that it was not within the sound judicial discretion of the chancellor to hold that they constituted a sufficient cause excusing the delay in taking testimony.
Our holding, as well as our judicial philosophy in a case of this kind, was perfectly expressed by the Supreme Court of Florida in the following quotation from its opinion in O’Gara v. Hancock, 76 Fla. 1, 79 So. 167 (1918):
“Large discretion is allowed the chancellor in the matter of extending time for the taking of testimony in an equity suit, and this court has laid down the rule that the action of the chancellor in this respect will not be disturbed unless an abuse of discretion is plainly made to appear. Magbee v. Kennedy, 26 Fla. 158, 7 South. 529; McMillan v. Warren, 59 Fla. 578, 52 South. 825; Thompson v. Thompson, 78 South. 424, decided at the January, 1918, term of this court.
“While the speedy determination of civil causes is to be desired, still it is more imperative that they be decided justly, and where the chancellor considers that it will better enable him to do this if additional time be granted to produce the testimony, his order ought not to be reversed.
“The rules of practice are for the purpose of aiding in the speedy determination of causes; courts are established fo.r the higher purpose of administration of justice. Where the strict enforcement of the letter of the rules of practice tends, in the opinion of the trial judge, to prevent or jeopardize the latter, the rules should yield to the higher purpose. For this reason the trial judge is given much discretion in the matter of extending time for taking testimony, and unless he has clearly abused this discretion his order should not be reversed.”
The chancellor evidently felt that justice would be served by deciding the cause on the merits .rather than on the pleadings. In granting the motion for extension no “abuse of discretion is plainly made to appear,” so the order appealed from must be, and it is
Affirmed.
STURGIS and RAWLS, JJ., concur.