PEARSON, TILLMAN, Chief Judge.
The plaintiffs in the trial court seek the reversal of an adverse final decree on bill and answer. The plaintiffs’ complaint was filed on June 12, 1961; the defendant’s answer in the form of a general denial was filed on July 19,1961. In this suit the plaintiffs sought the return of certain funds held by the administrator of an estate. It was alleged that these funds were held in trust by the deceased, an attorney, for the purpose of purchasing certain property which was never purchased. Under the provisions of former Rule 3.13, Florida Rules of Civil Procedure, 31 F.S.A., the time for taking testimony expired on October 10, 1961. On October 11, 1961, defendant filed his motion for final decree on bill and answer and served notice that hearing on the motion would be on November 3, 1961. Subsequently, on October 30, plaintiff moved for an extension of time for taking testimony and to strike defendant’s motion for decree on bill and answer. In the unverified motion for extension of time for taking testimony plaintiffs cited the following as grounds for the extension: (1) The defendant had not filed an inventory in the County Judge’s Court of the assets of the estate and by order of that court was not required to do so until October 31; and (2) Plaintiffs’ counsel had mistakenly believed that the time limitation of Rule 3.13 for the taking of testimony had been abolished for this and similar cases by amendment to the Rules of Civil Procedure. This motion was subsequently supported by an affidavit setting forth substantially the same grounds. On December 1, 1961, the court entered its final decree on bill and answer, finding as follows :
" * * * that this cause has not been set for trial by the court; that the court has not entered an order fixing the time within which the testimony of the parties shall be taken; that the time for taking testimony has expired; and that good cause (as delineated in the cases hereinafter cited) was not timely shown for extending the time for taking testimony. The court further finds that the plaintiffs have not taken any testimony in this cause, and therefore necessarily have failed to sustain the *351 material allegations of their complaint which were denied by the answer. Hence, on the authority of City of Miami v. Miami Transit Company, Fla. App., 96 So.2d 799, Nystrom v. Nystrom, Fla.App., 105 So.2d 605, Needle v. A. F. Kissinger [Kisinger] & Associates, Inc., Fla.App., 118 So.2d 35, 57, Muller v. Maxcy, Fla., 74 So.2d 879, E. B. Elliott Co. v. Elliot, 137 Fla. 456, 188 So. 89, Axtell v. Lyons, Fla.App., 105 So.2d 610, 611, it is
“ORDERED AND DECREED as follows:
“1. The plaintiffs’ motion for extension of time for taking testimony and motion to strike defendant’s motion for decree on bill and answer be and each of them are hereby denied.
“2. The defendant’s motion for decree on bill and answer he and the same hereby is granted; that the defendant go hence without day, and that the complaint herein be and the same hereby is dismissed with prejudice.”
Former Rule 3.13 (now abolished) of Florida Rules of Civil Procedure provided that no more than two months from the time a cause was at issue would be allowed for the taking of testimony in chancery cases unless the case was set for trial before the court or an order extending the time was entered. The substance of the affidavit submitted by plaintiffs’ attorney relative to his belief that the time limitation for the taking of testimony had been removed was that on June 30, 1961, the Supreme Court of Florida entered an order amending the Florida Rules of Civil Procedure by abolishing Rule 3.13. This amendment, as the order promulgating was originally written, was to become effective on October 1, 1961, and was to be applicable to all cases then pending as well as those instituted thereafter. On July 19, 1961, the Supreme Court entered an order making the amendment applicable only to those cases commenced on or after October 1, 1961. Attorney for the plaintiffs certified that he had read and relied upon the original amendment abolishing the rule, but had not been familiar with the subsequent order changing the effective date.
There is no doubt that under Rule 3.13 and the law of this State as they existed prior to the amendment referred to, a party moving for a decree upon bill and answer after the expiration of the time for taking testimony acquired a substantial procedural right. Muller v. Maxcy, Fla.1954, 74 So.2d 879; Needle v. A. F. Kisinger & Associates, Inc., Fla.App.1960, 118 So.2d 35.
Under these circumstances the chancellor had the discretion to (1) dismiss the cause with prejudice for failure of proof (if the pleadings warranted such action), or (2) dismiss the complaint without prejudice to the cause of action. Meffert v. Thomas, 51 Fla. 492, 40 So. 754; Meyer v. Solomon, Fla.App.1958, 107 So.2d 775.
The only substantial question presented by this appeal is whether the chancellor abused his discretion in proceeding to an adjudication of the merits on the motion for decree on bill and answer, rather than dismissing the cause without prejudice. In view of the fact that at the time the motion was heard an inventory had not yet been filed by the defendant-administrator in the estate of the deceased, and further that the rules of practice affecting the rights of the plaintiffs were changed twice within a short period of time, we hold that the chancellor abused his discretion in dismissing the complaint with prejudice. See Meyer v. Solomon, Fla.App.1958, 107 So.2d 775. The purpose of Rule 3.13 as it formerly existed was to expedite the disposition of cases, and the penalty of the loss of the cause of action is not warranted under the circumstances here extant. Therefore, the decree on bill and answer is affirmed in part and reversed in part and the cause remanded with directions to enter an amended' decree providing that the dismissal is without prejudice to further proceedings on the cause of action.
Affirmed in part and reversed in part.